Thomas Allen HOUSE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0806–CR–537.

Court of Appeals of Indiana.

Feb. 24, 2009.

Richard Walker, Anderson, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Thomas Allen House appeals the order revoking his suspended sentence.

We affirm in part, reverse in part, and remand.

*ISSUE*

Whether the trial court erred by not awarding credit time.

*FACTS*

On September 3, 2004, the State charged House with theft as a class D felony under Cause number E01–0409–FD–387 ("Cause No. 387") in Madison County. House pleaded guilty as charged on December 22, 2005. The trial court sentenced House to twenty-four months with twelve months executed to in-home detention and twelve months on probation.

On September 18, 2006, the State charged House with Count I, driving while suspended as a class A misdemeanor;

Count II, possession of a controlled substance as a class D felony; and Count III, possession of marijuana as a class A misdemeanor under Cause Number 48E01–06090FD–360 ("Cause No. 360") in Madison County. The State filed a petition to terminate House's in-home detention and revoke his suspended sentence, alleging that House had committed new offenses; had used illegal drugs; and had failed to pay his in-home detention fees.

On November 9, 2006, the trial court held a hearing on the State's petition. House admitted to the alleged violation in Cause No. 387. The trial court found that House had violated the conditions of his probation in Cause No. 387 and set a hearing on sanctions for January 18, 2007, with House to remain on in-home detention until that time. The trial court also set a disposition hearing in Cause No. 360.

On January 18, 2007, the trial court held a guilty plea hearing in Cause No. 360. House pleaded guilty to Counts I and III in Cause No. 360; the State dismissed Count II. Pursuant to the plea agreement, the trial court sentenced House to two concurrent sentences of twelve months suspended to probation.

The trial court also held a sanctions hearing in Cause No. 387 on January 18, 2007. Finding that House had "technically served" the twelve month executed portion of his sentence on in-home detention, the trial court revoked the twelve month suspended portion of the sentence and ordered that it be served on in-home detention. (Tr. 58). The trial court further ordered that House's sentence in Cause No. 360 be served consecutive to his in-home detention in Cause No. 387.

On or about April 19, 2007, the State filed a petition to terminate House's in-home detention and revoke his suspended sentence in Cause Nos. 387 and 360 after he failed a drug test. House was arrested on April 26, 2007.

House admitted the petition's allegations on May 4, 2007, and the trial court held a hearing on May 15, 2007, to impose sanctions. In Cause No. 387, the trial court found 222 days remaining in House's sentence and ordered that his in-home detention be terminated. The trial court also revoked House's probation in Cause No. 360 and ordered him to serve the twelve months of the previously suspended sentence. The trial court, however, stayed the sentences pending his successful completion of Madison County Drug Court (the "Drug Court") and released House from custody.

House initially appeared in the Drug Court on May 16, 2007, and was formally admitted to the Drug Court program on May 21, 2007. Subsequently, on October 3, 2007, House entered into a written agreement for entry into the Drug Court, whereby he agreed to "waive[ ] any right to credit time on the referring sentence for any period of sanction, of whatever variety, imposed under the drug court cause number." (State's Ex. A). This agreement also was signed by House's counsel.

Meanwhile, on or about June 27, 2007, the Drug Court ordered House to serve forty-eight hours due to testing positive for alcohol. On July 18, 2007, the Drug Court stayed a forty-eight hour sanction imposed for missing a drug test. On or about August 15, 2007, the Drug Court ordered that House be taken into custody until further notice after House admitted to using alcohol. The Drug Court ordered House's release on August 22, 2007, after having served eight days. On August 29, 2007, House appeared in the Drug Court after failing to appear for a drug test. The Drug Court ordered that the forty-eight hour sanction previously imposed and stayed on July 18, 2007, be reinstated

and imposed an additional five days of imprisonment. Thus, House served an additional seven days in imprisonment custody. On December 12, 2007, the Drug Court ordered that House be taken into custody again after he tested positive for opiates. He was released on January 10, 2008, and ordered into work release. The Drug Court released House from work release on February 13, 2008. On March 19, 2008, however, the Drug Court terminated House's participation in the program "due to continued violations." (App.17).

On May 15, 2008, the trial court revoked the balance of House's suspended sentence and ordered that it be served in the Department of Correction. House requested credit time for seventy-seven days spent in custody or on work release during his participation in the Drug Court. The trial court, however, declined to award credit time.[1]

### DECISION

■ House asserts that the trial court erred in refusing to award him credit time pursuant to Indiana Code section 35–50–6–3(a), which provides that "[a] person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Comparing the Drug Court agreement to a plea agreement, he argues that "there was no evidence presented that [he] had any understanding of the waiver provision" when he signed it. *Id.* at 11.

The State counters that acceptance of the Drug Court agreement was sufficient to indicate that House knowingly and voluntarily agreed to the waiver of credit time. We agree.

In *Creech v. State,* 887 N.E.2d 73 (Ind. 2008), our Supreme Court determined that "express findings regarding a defendant's intention to waive his appellate rights" under a plea agreement were not required to show that a defendant knowingly and voluntarily agreed to the waiver. 887 N.E.2d at 77. Rather, "[a]cceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver." *Id.* We find a drug court agreement analogous to a plea agreement. Like a defendant pleading guilty pursuant to a plea agreement, a defendant entering into a drug court program receives considerable benefits, in return for which he " 'he give[s] up a plethora of substantive claims and procedural rights.' " *Id.* at 74 (quoting *Games v. State,* 743 N.E.2d 1132, 1135 (Ind.2001)). Thus, a defendant may waive the right to credit time as part of a written drug court agreement.

In this case, House entered into the written Drug Court agreement on October 3, 2007. By accepting the agreement, he knowingly and voluntarily agreed to waive credit time.[2] We therefore find that House is not entitled to credit time for sanctions imposed after he entered into the Drug Court agreement.[3]

---

1. During the hearing, House objected to the admission of the Drug Court agreement, and the trial court sustained his objection. We note that pursuant to the Drug Court agreement, the parties agreed that the Drug Court agreement "shall be introduced into evidence by stipulation of those parties." (State's Ex. A).

2. House does not assert that he was coerced or misled into signing the agreement, only

that he did not understand the waiver. During the hearing on May 15, 2008, however, he only asserted that he did not "recall" reading waiver provision. (Tr. 105).

3. House also argues that the waiver he signed on October 3, 2007, was "ineffective because [he] actually had been accepted and participating in drug court for five months without the agreement being in effect." House's Br. at 10. He, however, provides no authority or

The State argues that House is not entitled to *any* credit—whether the time spent in jail was before or after entering into the Drug Court agreement—as his "confinement was not the result of the criminal charge for which sentences were being imposed, as contemplated by the plain language of I.C. § 35–50–6–3(a) and I.C. § 35–50–6–4(a)." State's Br. at 11. The State also likens time spent in custody for violating the Drug Court's requirements to sentences imposed for criminal contempt, which do not earn credit time under Indiana Code section 35–50–6–4(a). *See Jones v. State,* 847 N.E.2d 190, 201 (Ind. Ct.App.2006) (finding that sentences imposed for criminal contempt are "to vindicate the authority of the trial court and not to punish for the commission of a criminal act" and therefore do not fall within the purviews of Indiana Code section 35–50–6–4(a)), *trans. denied.* We disagree.

■ Again, Indiana Code section 35–50–6–3(a) provides that "[a] person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." "Pre-sentence imprisonment is a form of punishment and 'credit time statutes, as remedial legislation, should be liberally construed in favor of those benefited by the statute.'" *Williams v. State,* 759 N.E.2d 661, 664 (Ind.Ct.App.2001) (citing *Weaver v. State,* 725 N.E.2d 945, 947–48 (Ind.Ct.App.2000)).

Given the requirements of drug court and the punishment imposed for violating those requirements, we find participating in a drug court analogous to being on probation for purposes of receiving credit time under Indiana Code section 35–50–6–3. *See Abernathy v. State,* 852 N.E.2d 1016, 1020 (Ind.Ct.App.2006) ("Probation is

a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment."). Defendants serving time in jail while awaiting sentencing on probation revocations are entitled to credit time. *See Senn v. State,* 766 N.E.2d 1190, 1194 (Ind.Ct.App.2002) (determining credit time to which defendant was entitled for time he was incarcerated on a probation violation). We therefore find that defendants imprisoned for violating the terms of a drug court also are entitled to credit time, particularly given that one of the consequences of violating a drug court's requirements is the imposition of a suspended sentence.

■ In conclusion, a defendant imprisoned due to violating the terms and conditions of a drug court is entitled to credit time. The defendant, however, may waive credit time for any period of sanction imposed by the drug court by entering into a drug court agreement.

In this case, House waived credit time but did not do so until he had participated in the Drug Court for five months. Thus, he is entitled to credit time for the days of imprisonment incurred prior to the signing of the waiver on October 3, 2007. We therefore remand this cause to the trial court for a hearing to establish House's credit time earned from his incarceration due to sanctions imposed prior to October 3, 2007.

Affirmed in part, reversed in part, and remanded.

RILEY, J., and VAIDIK, J., concur.

---

argument in support of this argument. Thus, it is waived. *See Bonner v. State,* 776 N.E.2d 1244, 1251 (Ind.Ct.App.2002) (stating that a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority), *trans. denied.*