**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 17 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TRACY HERTEL**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRACY HERTEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1106-CR-244 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SAINT JOSEPH SUPERIOR COURT
The Honorable John Marnocha, Judge
Cause No. 71D08-0409-FA-96

**July 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Tracy Hertel, pro se, appeals the denial of his motion to correct erroneous sentence. He presents four issues on appeal, which we consolidate and restate as the following issue: Did the trial court properly deny the motion to correct erroneous sentence?

We affirm.

On January 31, 2008, a jury found Hertel guilty of six drug-related counts. The court entered convictions for two counts of class B felony dealing in a schedule II controlled substance (Counts I and II), two counts of class D felony possession of two or more chemical reagents or precursors with the intent to manufacture a schedule II controlled substance (Counts III and IV), and three counts of class A misdemeanor possession of a schedule IV controlled substance, marijuana, and hashish, respectively (Counts V, VI, and VII). On March 31, 2008, the court sentenced Hertel to concurrent sentences of eighteen months in prison on Counts III and IV consecutive to concurrent sentences of thirty days for Count V, one year for Count VI, and one year for VII. These counts resulted in an aggregate sentence of three years and seven months incarceration, of which Hertel had about eighteen months left to serve. With respect to Counts I and II, the counts relevant to this action, the court sentenced Hertel to consecutive ten-year terms suspended to probation. The court then ordered, as a condition of probation, that Hertel serve the twenty years of probation in prison.[1] Hertel began serving his probationary term in January 2009.

---

[1] The court made the following statement with regard to the suspended sentence:

> I am putting you on probation for ten years plus ten years which is twenty years which is awfully long. I fully don't intend that either I or some successor judge behind me will keep that twenty years and keep you in the DOC to serve out all those sentences. But you're going to have to earn your way out by applying yourself.

Hertel, by counsel, initiated a timely direct appeal on April 28, 2008 (71A05-0805-CR-286). Procedurally, this case then gets a little murky because by September 2008, apparently dissatisfied with appellate counsel, Hertel began his proliferation of pro-se filings/letters in both the trial court and our court. On March 31, 2009, the motions panel of this court ultimately granted Hertel's motion for remand to the trial court for the purpose of pursuing a Davis/Hatton procedure. Accordingly, the direct appeal was dismissed without prejudice, and Hertel was permitted to seek post-conviction relief (PCR) below. Thereafter, in a subsequent appeal, Hertel would be permitted to raise both direct-appeal and PCR issues.

After making numerous additional pro-se filings with the trial court, Hertel sought to withdraw the motions and then filed a new notice of appeal on August 10, 2009. This court dismissed Hertel's second appeal (71A05-0908-CR-476) without prejudice on January 12, 2010, upon motion by the State. Again, we remanded so that Hertel could file a PCR petition.

Finally, on May 13, 2010, Hertel filed his pro-se PCR petition under cause number

---

And hopefully by that time we will have some of these [psychological] evaluations, and you may hopefully get some educational credits and other credits. And it would be my intention to consider a motion to modify your placement as a condition of probation from the DOC to community corrections. That could happen very quickly relatively speaking. It could happen in a year or two years.

But by then we're going to have hopefully some more information on what is good to do.

\*\*\*\*

…. All of that can be very truncated and shortened by motion and performance.

And it's ten years plus ten years in the DOC. If it gets demonstrated that you're not a danger to society of recidivism, this can all be modified. It can [be] modified to community corrections. It can be modified to straight probation. It can also be shortened.

*Appellant's Supp. Appendix Vol. I* at 78, 89.

71D03-1005-PC-35.[2]  While the PCR petition was pending, on October 5, 2010, the trial court sua sponte indicated in the criminal case the court's intention to review Hertel's probationary placement[3] and, accordingly, requested a progress report from the Department of Correction.  On November 5, 2010, the court ordered that Hertel be evaluated for a community corrections program.

Judge Jerome Frese,[4] sua sponte, recused himself on February 25, 2011 from the criminal and PCR actions as the result of Hertel having filed a federal civil lawsuit against him.  Accordingly, the criminal and PCR cases were reassigned to John Marnocha on March 3, 2011.

On March 14, 2011, Hertel filed a motion to set hearing and for transport order.  In this motion Hertel asked the new judge to set a hearing to "discuss his custody, the status of the case, and to simplify the issues in contention for the Court." *Appellant's Appendix* at 92.  Judge Marnocha promptly held a status hearing as requested on April 12, 2011.  At that time, the court determined, with Hertel's agreement, that the sentence modification/erroneous sentence issues would be heard separately from the PCR claims.  The court set the sentencing issues for an evidentiary hearing on May 13, 2011.  Further, the court admonished Hertel to cease filing evidentiary documents with the court because they would not be considered unless admitted at the evidentiary hearing.  *See Status Hearing Transcript* at 13 ("I don't accept documents as part of filings").

---

[2]  Hertel has not included a copy of this PCR petition in his appendix, nor the CCS from the post-conviction action.

[3]  Hertel had last sought modification of his sentence in February 2009, a request which was summarily denied by the trial court.

The hearing regarding the modification of the sentences for Counts I and II commenced as scheduled. At the conclusion of the hearing, the court denied Hertel's motion to modify and further determined that the sentence was not illegal or erroneous. Accordingly, the court entered a written order on May 23, 2011, denying the motion to modify and denying Hertel's request for an appeal bond. The court indicated further, "to the extent that the defendant's Motion for Modification of Sentence also may be construed to be a Motion to Correct Erroneous Sentence, the Court now denies that as well." *Appellant's Brief* at 36.[5] Hertel now appeals.

Before reaching the merits of this appeal, we take a moment to address some of the significant and flagrant violations of our appellate rules committed by Hertel. Initially, we observe that Hertel's statement of case and statement of facts are rife with argument and improper attacks on the integrity of the judges below. *See Kirchoff v. Selby*, 703 N.E.2d 644, 656 (Ind. 1998) (statement of facts improper "because it neither discusses the facts relevant to the issues presented for review nor presents the facts in an objective and nonargumentative manner"). Further, these statements, though seven pages long, provide virtually no information relevant to this appeal and are of no assistance to this court on review. *See* Ind. Appellate Rule 46(A)(5) and (6) (addressing the requirements of the statement of case and statement of facts sections in an appellant's brief). *See also Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486 (Ind. Ct. App. 2003) (appellant's brief must be prepared so that the court, considering the brief alone and independently from the record, can

---

[4] Although there were two other judges assigned in the criminal case before him, Judge Frese presided over Hertel's jury trial and sentencing through the beginning of the PCR proceedings.

intelligently consider each question presented).

Adding to our difficulties in reaching the merits of this appeal is Hertel's four-volume appendix, which is littered with documents and "affidavits" that were not admitted into evidence at the underlying hearing.[6]  A quick review of the table of contents to his appendix reveals the presence of none of the relevant court orders and, further, that half of the documents contained in the appendix were filed *after* the order being appealed.  Although Hertel has since filed a three-volume supplemental appendix with a few more-relevant documents, including the transcript of his 2008 sentencing hearing, his appendices are still woefully lacking.

It is well established that "pro se litigants are held to the same standard regarding rule compliance as are attorneys duly admitted to the practice of law and must comply with the appellate rules to have their appeal determined on the merits."  *Smith v. State*, 822 N.E.2d 193, 203 (Ind. Ct. App. 2005), *trans. denied*.  A party's failure to follow the appellate rules can, in egregious situations like this, lead to dismissal of the appeal.  *Kirchoff v. Selby*, 703 N.E.2d 644.  Though our review is significantly hampered in this case, we will exercise our discretion and address the merits to the extent the claims are properly before us and decipherable.

As set forth above, this appeal is from the denial of Hertel's motion to correct erroneous sentence only.  As our Supreme Court held in *Robinson v. State*, 805 N.E.2d 783,

---

[5]  Hertel does not provide us with a copy of the order in his appendix.
[6]  As the trial court explained below, Hertel's random filing of affidavits and documents with the court did not constitute evidence.  His attempt to rely upon this "evidence" on appeal is similarly improper and represents a fundamental misunderstanding of trial and appellate procedure.

6

787 (Ind. 2004), "a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." In other words, use of this statutory motion should be reserved for the correction of "obvious sentencing errors". *Id.* at 787 n.3. Claims that require consideration of matters outside the face of the sentencing judgment may not be addressed via this type of motion. *See, e.g.*, *Neff v. State*, 888 N.E.2d 1249 (Ind. 2008); *Robinson v. State*, 805 N.E.2d 783.

The majority of the claims asserted by Hertel on appeal are not proper subjects for a motion to correct erroneous sentence. In particular, his claims of vindictive sentencing, inappropriateness of his sentence, and abuse of discretion in sentencing[7] require consideration of matters outside the face of the sentencing judgment. For example, without referring to the record from the jury trial (which, in fact, is not before us), there is simply no way to determine whether, as alleged by Hertel, "there were no specific facts on the record that support" the aggravator found by the trial court. *Appellant's Brief* at 22. Therefore, we will not address any of the claims improperly raised by way of a motion to correct sentence. Such matters are left for Hertel's direct appeal following the conclusion of the PCR proceedings.

We turn now to Hertel's arguments regarding the facial validity of the sentence imposed. As set forth above, the trial court imposed an aggregate twenty-year sentence on Counts I and II. The court suspended the sentence but, as a condition of probation, ordered Hertel's probation to be served in prison.

---

[7] Hertel challenges the adequacy of the trial court's sentencing statement and, particularly, whether the imposition of consecutive sentences was supported by a proper aggravating factor.

On appeal, Hertel asserts the sentence is "ridiculous on it's [sic] face" because "[e]veryone knows you do suspended sentences and probation outside of prison." *Id*. at 13. While suspended sentences are traditionally served outside the confines of prison, "[t]he law is clear that a trial court may suspend a sentence, place a defendant on probation, and then order a term of imprisonment as a condition of probation." *Sutton v. State*, 562 N.E.2d 1310, 1313 (Ind. Ct. App. 1990), *trans. denied*. *See also* Ind. Code Ann. § 35-38-2-2.3 (c) (West, Westlaw current through legislation effective May 31, 2012) ("[a]s a condition of probation, the court may require that the person serve a term of imprisonment in an appropriate facility at the time or interval (consecutive or intermittent) within the period of probation the court determines"); *Strowmatt v. State*, 779 N.E.2d 971 (Ind. Ct. App. 2002) (upholding a similar suspended sentence as authorized by I.C. § 35-38-2-2.3); *Williams v. State*, 759 N.E.2d 661, 665 (Ind. Ct. App. 2001) (revising probationary period and ordering appellant to "serve five years and 121 days in the Department of Correction as a condition of probation"); *McVey v. State*, 438 N.E.2d 770 (Ind. Ct. App. 1982).

Hertel asserts next that I.C. § 35-38-2-2.3 is unconstitutional "because it allows a sentencing court to suspend a sentence and effectively issue a double sentence." *Appellant's Brief* at 13. He does not support this assertion with any authority or cogent argument. Thus, the argument is waived. *See House v. State*, 901 N.E.2d 598 (Ind. Ct. App. 2009). Waiver

8

notwithstanding, we observe that unlike others on probation, an incarcerated probationer is entitled to credit time, and the record reflects that Hertel has been earning credit time. *Compare id.* at 601 ("[d]efendants serving time in jail while awaiting sentencing on probation revocations are entitled to credit time"), *with* Ind. Code Ann. § 35-50-6-6 (a) (West, Westlaw current through legislation effective May 31, 2012) ("a person does not earn credit time while on parole or probation").

Hertel's argument that the trial court erred by failing to advise him of the conditions of his probation is without merit.[8] Not only did the trial court orally state at the sentencing hearing the sole condition of probation, which was that Hertel serve an executed term as a condition of probation, the court included the condition of probation in its written sentencing order and abstract of judgment. Moreover, to the extent Hertel appears to argue that additional conditions of probation have been set that are unreasonable, we observe that this alleged error is not apparent on the sentencing judgment and is, therefore, beyond the scope of review applicable to a motion to correct erroneous sentence.

Hertel also makes a general claim that "Indiana's probation laws are unconstitutional because they violate dozens of federal protections that are well recognized and long-standing." *Appellant's Brief* at 17. Among these federal protections allegedly being violated by our "probation laws" (presumably I.C. § 35-38-2-2.3), he lists equal protection, due process, the Fourth Amendment, and the First Amendment. Hertel's arguments are rambling and difficult to follow, and the cases he relies upon are generally not relevant, not properly cited, and/or of puzzling significance. In sum, he fails to present a cogent argument

9

regarding the facial validity of I.C. § 35-38-2-2.3, the text of which he does not even set out in his brief. Further, to the extent Hertel is arguing that the statute is somehow unconstitutional as applied to him, we conclude that this is not a proper subject for a motion to correct erroneous sentence because it requires consideration of matters beyond the face of the judgment.

On a final note, Hertel appends to the end of his brief, without citing to any authority, a vague discussion of the propriety of an appeal bond in this case. Our review of the record reveals that Hertel's request for an appeal bond has been denied by the trial court and by this court in 71A05-0908-CR-476, his second attempt at a direct appeal. Specifically, this court denied the motion for an appeal bond on July 22, 2010 and a motion to reconsider the issue on October 4, 2010. We refuse to consider the issue anew, particularly in this limited appeal from the denial of a motion to correct erroneous sentence.

Judgment affirmed.

MAY, J., and BARNES, J., concur.

---

[8] We note that in support of his argument Hertel directs us to two statutes that were repealed in 1983.