## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 27 2018, 9:24 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keith Phillips,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 27, 2018

Court of Appeals Case No.
18A-CR-210

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1503-F2-298

**Crone, Judge.**

## Case Summary

[1] Keith Phillips appeals the trial court's order revoking his previously suspended sentence for violation of the terms and conditions of his re-entry program. He claims that the trial court abused its discretion in failing to award him credit time for the time he spent incarcerated during his participation in the program. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

[2] In March 2015, the State charged Phillips with level 2 felony dealing in cocaine, level 3 felony dealing in cocaine, level 6 felony maintaining a common nuisance, and class B misdemeanor possession of marijuana. On September 30, 2015, the State and Phillips entered into a plea agreement pursuant to which Phillips pled guilty to level 3 felony possession of cocaine in exchange for the dismissal of the other charges. The parties also agreed that Phillips would be sentenced to fifteen years executed with ten years suspended to probation. The agreement provided that a modification of sentence by the trial court would be considered if Phillips completed a therapeutic community program while incarcerated. The trial court accepted the agreement and sentenced Phillips accordingly.

[3] A little less than one year later, on September 22, 2016, Phillips requested a modification of sentence after he completed the Westville Therapeutic Community substance abuse treatment program. On November 2, 2016, the trial court modified Phillips's sentence by suspending the balance of his

executed sentence to probation and approving his participation in the Department of Correction Community Transition Program. "As a specific condition of the Community Transition Program and Probation, [Phillips] [was] ordered to successfully complete, and make satisfactory arrangements to pay for the Howard County Re-Entry Program." Appellant's App. Vol. 2 at 68. Phillips signed a program participation agreement in which he agreed to waive his right to earned credit time for any time spent in jail or otherwise confined during his participation in the re-entry program.

[4] On March 9, 2017, the trial court found Phillips in indirect contempt of court for violating the terms of the re-entry program and issued an arrest warrant. Phillips was taken into custody on March 10, 2017. Apparently, he was subsequently released and he absconded to Nevada. On April 17, 2017, the trial court found that Phillips again violated the terms of the re-entry program for failure to appear and issued another warrant. Phillips was subsequently arrested in Nevada and brought back to Indiana. A notice of termination from the re-entry program was filed on November 22, 2017. The trial court held a hearing and terminated Phillips's participation in the re-entry program on December 20, 2017.[1] That same day, the State filed a petition to revoke Phillips's probation and, following a hearing on January 19, 2018, the trial

---

[1] Phillips claims in his brief that he was continually incarcerated for his re-entry program violations from March 10, 2017, through December 20, 2017, when he was terminated from the program. The record does not support this assertion. During the probation revocation hearing, Phillips testified that he was incarcerated from March 10 until sometime in April 2017, when he left Indiana. He stated that he was later arrested in Nevada and brought back to Indiana "in about June" of 2017. Tr. Vol. 2 at 20.

court entered its order revoking Phillips's previously suspended sentence.  The court awarded him credit for thirty actual days served plus ten days of good time credit.  This appeal ensued.

## Discussion and Decision

[5] "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). It is within the trial court's discretion to determine probation conditions and to revoke probation if the conditions are violated.  *Id*.  "In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion." *Id*.  An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law.  *Id*.

[6] Phillips argues that, in revoking his probation and imposing his previously suspended sentence, the trial court abused its discretion in failing to award him credit for the time he spent incarcerated as a sanction for his violations of the re-entry program.  Credit time is a matter of statutory right, and for that reason trial courts generally do not have discretion in awarding or denying such credit. *Meadows v. State*, 2 N.E.3d 788, 791 (Ind. Ct. App. 2014).  However, Phillips fails to acknowledge the provision of the re-entry program participation agreement in which he voluntarily and intentionally waived his right to earn credit time for any sanction under the re-entry program.  This Court has

determined that a defendant may waive the right to credit time as part of a written participation agreement. *House v. State*, 901 N.E.2d 598, 600 (Ind. Ct. App. 2009). Paragraph nine of the participation agreement for the re-entry program specifically states, "Participant agrees to waive his right to earn credit time for any time spent in jail or otherwise confined to which he would otherwise be entitle[d] pursuant to Indiana law during participation in the Reentry Program." Appellant's App. Vol. 2 at 70. Thus, Phillips was not eligible to earn credit for time served while he was participating in the re-entry program; he was eligible to begin earning credit for time served only once his participation in the program was terminated on December 20, 2017. He was, therefore, only entitled to credit time from December 20, 2017, the date he was no longer participating in the re-entry program, until January 19, 2017, the date his probation was revoked. When the trial court revoked his suspended sentence, it gave Phillips credit for thirty actual days served while awaiting the disposition of the case plus ten days of good time credit. The trial court did not abuse its discretion.

[7] Affirmed.

Najam, J., and Pyle, J., concur.