David **MOLDEN**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0010–CR–448.

Court of Appeals of Indiana.

June 28, 2001.

---

Susan D. Rayl, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

David Molden appeals his eight-year sentence following his plea of guilty. Molden raises a single issue for our review, namely, whether the trial court erred when it failed to award him credit against his sentence for the time he spent in pretrial home detention.[1]

We affirm.

### FACTS AND PROCEDURAL HISTORY

In January 1998, the State arrested and charged Molden with several crimes related to his operation of a male prostitution service called "Just Boys." Molden spent sixty-eight days in jail before posting bond on March 21, 1998. As a condition of his release, the trial court placed Molden on electronic home detention.

In April 2000, Molden pleaded guilty to Possession of Child Pornography, a Class A misdemeanor; Sexual Misconduct with a Minor, a Class C felony; and two counts of Promoting Prostitution, a Class C felony. On June 29, 2000, the trial court sentenced Molden to eight years executed and credited him with sixty-eight days for the time he spent in jail prior to posting bond. The court, however, did not award Molden credit against his sentence for the 831 days he spent in electronic home detention. This appeal followed.

### DISCUSSION AND DECISION

■ Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit. *See Weaver v. State*, 725 N.E.2d 945, 947 (Ind. Ct.App.2000). However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. *Cf. Jones v. State*, 698 N.E.2d 289, 291 (Ind.1998) (relating to post-judgment sentence not pretrial confinement). Molden argues here that he is entitled to credit for time served, as opposed to good time credit, for the 831 days he served on pretrial home detention. *See Purcell v. State*, 721 N.E.2d 220, 222 (Ind.1999) (distinguishing "good time credit," the credit a prisoner receives for good behavior and educational attainment, from "credit for time served," the credit toward the sentence a prisoner receives for time actually served). Specifically, Molden argues here that, because a convicted person serving his sentence on home detention is entitled to credit for time served toward a

---

1. Although Molden pleaded guilty, thereby eliminating the need for a trial, we nonetheless refer to his pre-sentencing home detention as "pretrial" because the relevant case law characterizes such detention as "pretrial." We see no need to depart from this designation since whether a defendant pleads guilty or proceeds to trial is of no import in determining what, if any, "pretrial" sentence credit he is due.

subsequent prison sentence if the court revokes the home detention under Indiana Code Section 35–38–2.6–5, a person in *pretrial* home detention is likewise entitled to credit for time served against any eventual sentence. *Id.* We cannot agree.

In *Purcell*, the defendant pleaded guilty to Driving While Suspended as a Habitual Traffic Violator, and the trial court sentenced him to three years' electronic home detention under the supervision of a community corrections program. After spending 690 days on home detention, the defendant violated the terms of the program. The trial court revoked the home detention and ordered him to serve his original three-year sentence in prison. In doing so, the trial court declined to award the defendant sentence credit for the time served on home detention. Our supreme court disapproved and remanded to the trial court with instructions to credit the defendant with the 690 days he spent on home detention. *Id.* at 224. The court based its conclusion on Indiana Code Section 35–38–2.6–5, which reads in part: "If a person who is placed [in a community corrections program] violates the terms of the placement, the court may, after a hearing ... [r]evoke the placement and commit the person to the department of correction for *the remainder* of the person's sentence." (Emphasis added). The court concluded that the term "remainder" means that a defendant whose home detention has been revoked must receive credit for the time spent on home detention. *Id.* at 223. Otherwise, if a defendant were not entitled to credit for time served, the commitment would not be for the "remainder" of the offender's sentence but for the entire sentence. *Id.* The essential holding in *Purcell* is that a defendant *convicted and sentenced* to home detention is entitled to receive credit for time served against any subsequent incarceration, if the court later revokes the home detention. Molden seeks to analogize *Purcell's* holding to this case. But unlike the defendant in *Purcell*, Molden had not yet been convicted and was serving a stint of *pretrial* home detention. The statutes the *Purcell* court relied on in reaching its decision[2] clearly do not apply to circumstances where the defendant is on home detention awaiting trial or sentencing and seeks credit for time served against his eventual sentence.[3] Indeed, the *Purcell* court noted that distinction when it commented in a footnote as follows:

> Although not directly before us today, we have revisited the question [of pretrial home detention] and conclude that a trial court is within its discretion to deny a defendant credit toward [his] sentence for pretrial time served on home detention. Absent legislative direction, we believe that a defendant is only entitled to credit toward sentence for pretrial time served in a prison, jail[,] or other facility [that] imposes substantially similar restrictions upon personal liberty. In this regard, we return to and adopt Judge Sullivan's conclusion in [*Capes v. State*, 615 N.E.2d 450, 455 (Ind.Ct.App.1993) ].

*Id.* at 224 fn. 6.

In *Capes*, this court concluded that a person who is confined in home detention

---

**2.** Ind.Code §§ 35–38–2.6–4; 35–38–2.6–5(3); 35–38–2.6–6; 35–50–6–3.

**3.** Indiana Code Section 35–50–6–3 reads in pertinent part: "A person ... earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." While this statute addresses pretrial confinement credit, it contemplates only good time credit not credit for time served. *Purcell v. State*, 721 N.E.2d 220, 223 (Ind.1999). As such, this statute neither restricts the ability of an offender in home detention to earn credit for time served (*Id.*), nor does it require the trial court to award an offender such credit.

awaiting trial should not earn sentence credit under Indiana Code Section 35–50–6–3. *Capes,* 615 N.E.2d at 455. We noted that time spent in home detention is not identical to time spent in jail or prison and held that only when a person has been confined in a prison, county jail, or any facility which imposes substantially similar restrictions upon personal liberty is a person entitled to credit against his sentence for time served prior to trial.[4] *Id.*

The question of sentence credit for pretrial home detention was not before the supreme court in *Purcell.* And the supreme court does not decide important questions of law in footnotes. *Allstate Indemnity Co. v. Brown,* 696 N.E.2d 92, 95 (Ind.Ct.App.1998). But the court squarely addressed the question, and it left no doubt how pretrial home detention should be treated when it adopted Judge Sullivan's· conclusion in *Capes.* Accordingly, we hold in this case that the trial court acted within its discretion when it denied Molden sentence credit for time spent in pretrial home detention.

Even if we were to disregard the *Purcell* footnote on pretrial home detention, we would still reach the same result under *Franklin v. State,* 685 N.E.2d 1062 (Ind. 1997), *overruled on other grounds by Purcell v. State,* 721 N.E.2d 220 (Ind.1999). There, the supreme court held that a defendant is not entitled to credit for time spent on pretrial home detention. *Id.* at 1064. While *Purcell* expressly overruled *Franklin,* it did so only "[t]o the extent that *Franklin* holds that Ind.Code § 35–

38–2.6–6 prohibits an offender *sentenced* to home detention *under a community corrections program* from earning credit for time served." (Emphasis added.) *Purcell,* 721 N.E.2d at 223–24. *Purcell* did not overrule *Franklin's* holding with regard to pretrial home detention. As such, *Franklin* still appears to be good law on that issue.[5]

## CONCLUSION

There is no statute that addresses credit for time served while on pretrial home detention. We therefore conclude that time spent in pretrial home detention is not equivalent to pretrial time served in a prison or jail and that pretrial home detainees are not entitled as a matter of law to receive credit for time served on home detention toward any eventual sentence. Thus, the trial court here did not abuse its discretion when it denied Molden credit for time spent in pretrial home detention, and we affirm the trial court's sentence.

Affirmed.

DARDEN, J., and BARNES, J., concur.

---

**4.** It is unclear from *Purcell* and *Capes* whether any amount or degree of home detention would ever be substantially similar enough to penal confinement to justify awarding an offender credit for time served prior to trial or sentencing.

**5.** We recognize that the supreme court's determination in *Purcell* that Indiana Code Sec-

tion 35–50–6–3 applies only to issues of credit time, not credit for time served, casts "doubts on the continued viability of the holding in *Franklin*" since *Franklin* relied on that same statutory provision to· decide the "credit for time served" issue. *See Purcell,* 721 N.E.2d at 224 n. 6.