Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the
case.



FILED
Jul 22 2013, 6:10 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**WILLIAM JOSEPH VANHORN**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM JOSEPH VANHORN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1212-CR-992 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0901-FB-17

**July 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

William Joseph VanHorn appeals the denial of his Petition for Amended Abstract of Judgment, in which he requested additional presentence jail credit time. We affirm.

## ISSUE

VanHorn raises two issues, which we consolidate and restate as: whether the trial court erred by denying VanHorn's request for additional presentence jail credit time.[1]

## FACTS AND PROCEDURAL HISTORY

On November 12, 2008, Detective Douglas Beltz of the Madison County Sheriff's Department began investigating a burglary. During his investigation, Beltz received a call from a detective in Delaware County. The Delaware County detective advised Beltz that VanHorn, who lived in Delaware County, may have been involved in the Madison County burglary. Beltz was already aware that VanHorn was a suspect in an unrelated Delaware County matter.

Beltz asked Delaware County officers to detain VanHorn for questioning. Beltz did not have a warrant for VanHorn's arrest. On December 8, 2008, VanHorn was taken into custody by Delaware County officers, who told him that "Madison County wanted to speak with [him]." Appellant's App. p. 46. Next, Beltz went to Delaware County and interviewed VanHorn with a Delaware County detective.

---

[1] VanHorn has filed a Motion to Supplement Evidence for Reply Brief, seeking to provide proof that he has exhausted his administrative remedies with the Indiana Department of Correction. The State has filed a response in opposition. We deny VanHorn's motion by separate order. In any event, due to the manner in which we have resolved VanHorn's appeal, we find it unnecessary to address the doctrine of exhaustion of administrative remedies.

2

In December 2008, the State filed burglary and theft charges against VanHorn in Delaware County under Cause Number 18C05-0812-FB-23 ("FB-23"), for a matter that is unrelated to the current case. Subsequently, on January 27, 2009, the State charged VanHorn in Madison County, under the lower cause number at issue here, with two counts of burglary as Class B felonies and two counts of theft as Class D felonies. The Madison County court issued a warrant for his arrest the same day. VanHorn remained incarcerated in the Delaware County Jail during both cases. In July 2010, VanHorn pleaded guilty as charged in the Madison County case pursuant to a plea agreement. In August 2010, the Madison County court sentenced VanHorn to an aggregate term of fifteen years. The court noted that VanHorn should receive "[c]redit from and after 01/27/2009 plus good time credit." *Id.* at 100.

Later that month, a Delaware County court sentenced VanHorn in FB-23 to an aggregate term of eight years, with 605 days of credit for presentence incarceration in the Delaware County Jail. The court determined that he would serve his sentence in FB-23 concurrent with his Madison County sentence.

In December 2012, VanHorn filed a Petition for Amended Abstract of Judgment in his Madison County case. He asserted that he was entitled to additional presentence credit time because he believed he was incarcerated on the Madison County charges in Delaware County prior to January 27, 2009. The court denied VanHorn's petition, noting: "Despite Defendant's assertions, no warrant was issued by this Court under this cause number until January 27, 2009. Therefore, defendant could not have been arrested

3

and held pursuant to a Madison County warrant or Madison County charges on or about 12/14/2008." *Id.* at 18. This appeal followed.

DISCUSSION AND DECISION

Presentence jail time credit is a matter of statutory right. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001). Consequently, trial courts generally do not have discretion in awarding or denying such credit. *Id.* A person who is imprisoned for a crime or imprisoned awaiting trial or sentencing is assigned to Class I. Ind. Code § 35-50-6-4 (2008). A person assigned to Class I earns one day of credit time for each day he or she is confined awaiting trial or sentencing. Ind. Code § 35-50-6-3 (2008).

VanHorn argues that he is entitled to credit time against his Madison County sentence starting on December 8, 2008, when he was first detained in Delaware County. It is well-settled that when a person who is incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, the person is entitled to receive credit time applied against each separate term. *Stephens v. State*, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied*. However, determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed. *Id.*

In VanHorn's case, he was arrested and incarcerated in Delaware County on December 8, 2008. Police officers in Delaware County and Madison County were both investigating him for burglaries in their respective jurisdictions. However, VanHorn was not charged with the Madison County crimes and served with an arrest warrant for those crimes until January 27, 2009. Thus, prior to that date he was incarcerated only for the

4

Delaware County charges, regardless of Madison County's ongoing investigation. We cannot say that VanHorn's confinement prior to January 27, 2009, was a result of the Madison County charges, and the trial court therefore correctly concluded that he was not entitled to credit against his Madison County sentence for time served prior to that date. *See Dolan v. State*, 420 N.E.2d 1364, 1373 (Ind. Ct. App. 1981) (stating the appropriate credit for pretrial incarceration is "the number of days the defendant spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense").

VanHorn argues that, as a practical matter, he was under arrest starting on December 8, 2008, for the Madison County charges because Beltz initiated his detention in Delaware County. He further argues that Madison County authorities delayed seeking charges against him until January 27, 2009, because they "knew that VanHorn would not be released [from confinement in Delaware County] due to multiple holds on him." Appellant's Br. p. 6. Our precedent clearly holds that the date of the arrest for the specific offense at issue, not a prior date of arrest in another case, is the starting point for accruing credit time for that offense. We reject VanHorn's request to abandon this precedent.

Finally, VanHorn argues that the Indiana Department of Correction ("DOC") has miscalculated his credit time. However, his argument is based on his claim that he is entitled to additional credit time against the Madison County sentence for confinement prior to January 27, 2009. Having determined that his claim for additional credit time is without merit, his challenge to the DOC's calculation must also fail.

5

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and RILEY, J., concur.

6