**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**R. PATRICK MAGRATH**
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ETHAN SIZEMORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 39A05-1306-CR-271 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JEFFERSON SUPERIOR COURT
The Honorable Alison T. Frazier, Judge
Cause No. 39D01-1009-FC-777

**December 23, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Ethan Sizemore (Sizemore), appeals the trial court's sentence following his guilty plea to burglary, a Class C felony, Ind. Code § 35-43-2-1.

We affirm.

## ISSUES

Sizemore raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by denying him credit time towards his sentence for time spent on electronic monitoring during his participation in a Drug Court Program.

On cross-appeal, the State raises one issue, which we restate as: Whether the trial court abused its discretion by granting Sizemore permission to pursue a belated appeal.

## FACTS AND PROCEDURAL HISTORY

On September 28, 2010, the State filed an Information charging Sizemore with Count I, burglary, a Class C felony, I.C. § 35-43-2-1; and Count II, resisting law enforcement, a Class A misdemeanor, I.C. § 35-44-3-3. On November 5, 2010, Sizemore filed a motion, requesting a community corrections evaluation, which was approved by the trial court. On March 23, 2011, Sizemore was accepted into the Drug Court Program. Thereafter, on March 29, 2011, Sizemore entered into a plea agreement with the State wherein he agreed to plead guilty to burglary as a Class C felony in exchange for the State's dismissal of resisting law enforcement, a Class A misdemeanor. Sizemore also agreed that if he failed to successfully complete the Drug Court Program, the trial court would enter judgment of conviction to the burglary charge and sentence him to four years

executed at the Department of Correction. On the same date, Sizemore executed an agreement to enter the Drug Court Program.

On March 30, 2011, one day after agreeing to the conditions of the Drug Court Program, Sizemore tested positive for a controlled substance and he was ordered to perform twenty hours of community service. Over the course of the following two years—until his termination from the Drug Court Program—Sizemore frequently violated the conditions of the Program which resulted in court-imposed sanctions, ranging from performing community services, being placed on electronic monitoring, and jail sentences.

On February 26, 2013, the Drug Court decided to terminate Sizemore from its Program. In turn, on March 1, 2013, the State filed a petition with the trial court to terminate Sizemore's participation in the Drug Court Program and on April 2, 2013, the trial court entered judgment of conviction for Burglary as a Class C felony and sentenced Sizemore to four years executed. The trial court awarded him credit time for the time he was jailed for violating the conditions of the Drug Court Program but denied him credit time for some of his remaining time in the Program.

On May 10, 2013, the trial court granted Sizemore's *pro se* request for appointment of appellate counsel. On May 22, 2013, Sizemore, represented by counsel, filed a petition for permission to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2, which was granted by the trial court.

Sizemore now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

3

CROSS-APPEAL

Because the State presents us with a threshold procedural issue in its cross-appeal, we will first analyze whether the trial court abused its discretion when it permitted Sizemore to file a belated appeal.

Indiana Post-Conviction Rule 2 permits a defendant to seek permission to file a belated notice of appeal when the failure to file a timely notice of appeal was not due to the fault of the defendant and the defendant has been diligent in requesting permission to file a belated notice of appeal. The decision whether to grant permission to file a belated notice of appeal is within the sound discretion of the trial court and we give substantial deference to the trial court's ruling. *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007). However, where, as here, the trial court does not hold a hearing before granting the petition, the only basis for its decision is the paper record attached to the petition. *Atwood v. State*, 905 N.E.2d 479, 483 (Ind. Ct. App. 2009), *trans. denied*. Because we review this same information on appeal, we owe no deference to the trial court's decision and our review is *de novo*. *Id.*

The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal. *Witt v. State*, 867 N.E.2d 1279, 1281 (Ind. 2007). There are no set standards defining delay and each case must be decided on its own facts. *Baysinger v. State*, 835 N.E.2d 223, 224 (Ind. Ct. App. 2005), *trans. denied*. Factors affecting this determination include the defendant's level of awareness of his or her procedural remedy, age, education, familiarity with the legal system, whether he or she

4

was informed of his or her appellate rights, and whether he or she committed an act or omission that contributed to the delay. *Id*. The factors specifically related to diligence are, among others, the overall passage of time, the extent to which the defendant was aware of relevant facts, and the degree to which delays are attributable to other parties. *Moshenek*, 868 N.E.2d at 422-423.

Our review of the record reveals that Sizemore was sentenced on April 2, 2013. While the trial court acknowledged Sizemore's objection to its calculation of his credit time, the trial court did not advise Sizemore of his appellate rights. Although the right to appeal a sentence is not among those rights of which a trial court is required to inform a defendant before accepting a guilty plea, the fact that a trial court did not advise a defendant about this right can establish that the defendant was without fault in the delay of filing a timely appeal. *Id*. at 424; I.C. § 35-35-1-2. However, a defendant must still establish diligence.

On May 6, 2013, four days after the expiration of the time limit to timely challenge his sentence, Sizemore, *pro se*, requested the appointment of appellate counsel, which was granted by the trial court on May 10, 2013. Then, on May 22, 2013, appellate counsel filed a petition for permission to file a belated appeal. In light of this timeline, we must conclude that Sizemore diligently pursued permission to file a belated appeal. Accordingly, the trial court did not abuse its discretion in granting Sizemore's motion.

APPEAL

On appeal, Sizemore contends that the trial court abused its discretion in calculating his credit time to be applied towards his sentence. Presenting this as an issue

5

of first impression requiring us to interpret a patchwork of overlapping statutes ranging from the home detentions statute, community corrections regulations, to the statutes governing the Drug Court, Sizemore maintains that his time served on electronic monitoring during his participation in the Drug Court Program should be characterized as credit time incurred during home detention and credited towards his sentence.

Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001), *reh'g denied*. However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. *Id*.

Here, Sizemore was placed on electronic monitoring as a sanction for violating the conditions of the Drug Court Program. At that point in time, no judgment of conviction or sentence had been entered by the trial court. A defendant who pleads guilty but for whom no judgment of conviction or sentence has been entered, is subject to rules and regulations regarding pretrial detention. *See id*. at 451 n.1.

In *Molden*, we were faced with a defendant's request for credit time for time spent on electronic home detention during his time on bond and before conviction and sentencing. *Id*. at 449. We determined that "a defendant *convicted and sentenced* to home detention is entitled to receive credit for time served against any subsequent incarceration, if the court later revokes the home detention." *Id*. (citing *Purcell v. State*, 721 N.E.2d 220, 223 (Ind. 1999)). However, when a defendant "had not yet been convicted and was serving a stint of pretrial home detention," no statute mandated an

award of "credit time served against his eventual sentence." *Id*. at 450. Therefore, we concluded that an award of credit time for pretrial detention is within the trial court's discretion. *Id*. at 451. *See also D.S. v. State*, 829 N.E.2d 1081 (Ind. Ct. App. 2005) (trial court did not abuse its discretion by denying credit time for time spent on pre-trial electronic surveillance).

As Sizemore was serving pretrial detention via electronic monitoring, it was within the trial court's discretion to award him credit time towards his eventual sentence. Viewing the facts before us, we cannot say that the trial court abused its discretion by denying Sizemore's request for credit time. During the approximate two years Sizemore spent in the Drug Court Program, he violated its conditions at least ten times, resulting in court-imposed sanctions. More tellingly, the day after agreeing to abide by the conditions of the Drug Court Program, Sizemore tested positive for a controlled substance. As such, we affirm the trial court.[1]

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by denying Sizemore's request for pre-trial credit time towards his executed sentence.

Affirmed.

MAY, J. and VAIDIK, J. concur

---

[1] In support of his argument, Sizemore focuses our attention on *Peterink v. State*, 982 N.E.2d 1009 (Ind. 2013) and *Senn v. State*, 766 N.E.2d 1190 (Ind. Ct. App. 2002), *reh'g denied*. However, *Peterink* is inapposite to the instant case as it dealt with credit time for home detention as part of probation. Likewise, *Senn* is not applicable. Although Sizemore references *Senn* for its analysis on credit time for home detention as a condition of probation, *Senn* also discussed home detention as a condition of pretrial release, in which it applied the *Molden* holding. *See Senn*, 766 N.E.2d at 1200.