**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANTHONY C. LAWRENCE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IDOWA HOOD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1309-CR-828 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause Nos. 48C01-9710-CF-210 & 48C01-9801-CF-8.

**May 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

A trial court's sentencing order must include, among other things, the amount of credit time a defendant has earned for time spent in confinement before sentencing. In this case, the trial court simply estimated Idowa Hood's pretrial credit time rather than calculating the precise amount of pretrial credit time he had earned. We conclude that this was error and therefore reverse.

## Facts and Procedural History

Hood pled guilty to Class B felony burglary in April 1998. The trial court sentenced Hood to eight years in the Department of Correction, with six years executed and two years suspended to probation.

The State had charged Hood with Class A felony arson just before he pled guilty to burglary. In May 2000, a jury found Hood guilty of Class A felony arson, and the trial court sentenced Hood to thirty years in the DOC, with twenty-five years executed and five years suspended to probation. The trial court ordered Hood's arson sentence to run consecutive to his burglary sentence.

In September 2009, Hood's arson sentence was modified to allow him to serve the remainder of that sentence in a work-release program. Hood's placement in the work-release program was revoked less than a year later when Hood absconded from the program. The trial court ordered Hood to serve the remainder of his arson sentence in the DOC, with five years suspended to probation.

Two years later, in August 2011, the trial court found that Hood had violated his probation by possessing cocaine. Appellant's App. p. 20 (CCS). However, the State later

notified the court that the substance at issue had been tested and was not, in fact, cocaine. *Id.* at 21. The trial court returned Hood to probation and noted that he would receive credit for "the time he was incarcerated." *Id.*

In March 2013, Hood was arrested and charged with two counts of Class A misdemeanor battery. The State filed probation-violation notices in Hood's arson and burglary cases. Hood's troubles continued: three months later, on June 7, he was charged with Class C felony intimidation, Class A misdemeanor battery resulting in bodily injury, and Class A misdemeanor invasion of privacy. The State amended its previously filed probation-violation notices to include these three new charges. Hood was incarcerated awaiting a hearing on the alleged violations.

The probation-violation hearing took place on August 27, 2013. At the hearing, the trial court concluded that Hood had violated his probation in the arson and burglary cases. As a result, the court revoked three years of Hood's five-year suspended sentence in the arson case. The court concluded that once served, those three years would complete Hood's arson sentence, and Hood would then serve probation for his burglary conviction:

> [T]he Court's gonna revoke [] three years under the . . . [arson] case to the Department of Correction[]. I'm gonna return you to probation—we're gonna close you out on that case. Three [] years, you're done. *The Court's already taken into consideration coming up with the three (3) years, potential other credit time that he would have had. Because we had the five (5) years, although I think there's some credit time that he's afforded. Court's just gonna take—[w]rap all that up into consideration.* I'm gonna do three (3) years. Close him out. And then you've got the two (2) years of probation to return to under the . . . [burglary] case. Okay? That'll be the order of the Court.

3

Tr. p. 107-08 (emphasis added). In its sentencing order, the trial court stated that Hood "receives no credit time as the Court took into account his credit time in determining [the] revocation period." Appellant's App. p. 43.

Hood filed a pro se motion to correct sentence, seeking credit for the days he was incarcerated awaiting the probation-violation hearing. *See id.* at 49. The trial court denied Hood's motion, noting that "there were some discrepancies . . . as to [] Hood's credit time to be applied under this case primarily due to the fact that [Hood] has previously been sanctioned in this case[, and] that was later set aside after lab results confirmed a negative test for the presence of cocaine." *Id.* at 60. Nonetheless, the court stated that it "took into account [Hood's] credit time, including the credit time [Hood] is now requesting be applied[,] in determining [Hood's] back up time or 'revocation period' as stated in the [court's] order." *Id.*

Hood now appeals.

**Discussion and Decision**

Hood contends that the trial court erred in denying his motion to correct sentence.[1] He argues that the court erred when it "failed to give [him] pretrial detention credit earned for incarceration . . . and rather stated that it had considered said credit in imposing sanctions . . . ." Appellant's Br. p. 5.

---

[1] Hood's use of a motion to correct sentence was appropriate. "When a motion to correct sentence presents a claim that may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record, such a motion may be expeditiously considered and corrections made without invoking post-conviction proceedings." *Robinson v. State*, 805 N.E.2d 783, 788 (Ind. 2004) (motion to correct sentence was proper vehicle for appellate challenge where defendant claimed that the trial court failed to comply with Indiana Code section 35-38-3-2(a)).

We review a trial court's sentencing decisions for probation violations using the abuse-of-discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* Pursuant to Indiana Code section 35-50-6-3(a), a person earns one day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing. "Indiana Code section 35-38-3-2(b)(4) unequivocally declares that the trial court sentencing judgment 'must include' the amount of credit earned for time spent in confinement before sentencing." *Robinson v. State*, 805 N.E.2d 783, 791 (Ind. 2004). "This determination serves to memorialize any modifications in credit time class or credit time imposed by local prison authorities upon a person confined before trial and sentencing." *Id.* at 792. Because pretrial credit time is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001) (citing *Weaver v. State*, 725 N.E.2d 945, 947 (Ind. Ct. App. 2000), *reh'g denied*).

Here, there is no dispute that Hood has earned pretrial credit time.[2] At Hood's probation-revocation hearing, the trial court stated that it had "already taken into consideration coming up with the three (3) years, potential other credit time that [Hood] would have had. Because we had the five (5) years, although I think there's some credit time that he's afforded. Court's just gonna take—[w]rap all that up into consideration." Tr. p. 107. The trial court's language indicates that it simply estimated Hood's pretrial credit time and incorporated it into his sentence. This technique does not comport with

---

[2] Though the State argues that it is unclear how much pretrial credit time Hood has earned, *see* Appellee's Br. p. 10, it does not dispute that Hood has earned pretrial credit time.

5

Section 35-38-3-2(b)(4)'s "unequivocal[] declar[ation] that the trial court sentencing judgment 'must include' the amount of credit earned for time spent in confinement before sentencing." *Robinson*, 805 N.E.2d at 791.

Although the precise amount of pretrial credit time Hood has earned may be slightly difficult to calculate—particularly in light of Hood's incarceration for a probation violation that ultimately proved not to be a violation—Hood has a statutory right to the precise amount of pretrial credit time he has earned. We conclude that the trial court abused its discretion. We reverse and remand to the trial court with instructions to resentence Hood and calculate his pretrial credit time in accordance with Indiana Code section 35-38-3-2(b)(4).

Reversed and remanded.

NAJAM, J., and BROWN, J., concur.