**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARTHUR B. GRECO, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1401-CR-7 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1210-FD-246 & 45G03-1306-FD-119

**August 14, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Arthur B. Greco, Jr. (Greco), appeals his sentence following a conviction for intimidation, a Class D felony, Ind. Code §§ 35-45-2-1(a)(2); -1(b)(1)(B); and resisting law enforcement, a Class A misdemeanor, I.C. § 35-44.1-3-1(a)(1), in cause number 45G03-1210-FD-246; and escape, a Class D felony, I.C. § 35-44.1-3-4(B), in cause number 45G03-1306-FD-119.

We affirm.

## ISSUE

Greco raises one issue for our review which we restate as: Whether the trial court abused its discretion by denying him credit for time spent on pre-trial home detention.

## FACTS AND PROCEDURAL HISTORY

On October 4, 2012, officers with the Schererville Police Department arrested Greco on an active warrant out of Porter County. Once at the police station, Greco threatened to kill an officer and his family in retaliation for the arrest.

On October 10, 2012, the State filed an Information in cause number 45G03-1210-FD-246, charging Greco with intimidation, a Class D felony, and resisting law enforcement, a Class A misdemeanor. On November 20, 2012, the trial court authorized Greco's release from custody on a court monitoring ankle bracelet. On December 12, 2012, Greco was released and fitted with the ankle bracelet. On June 13, 2013, Greco removed the bracelet in violation of the trial court's home detention order. That same day, the State charged him with escape, a Class D felony, in cause number 45G03-1306-

2

FD-119. On August 16, 2013, Greco pled guilty to all charges under both cause numbers without the benefit of a plea agreement. On December 4, 2013, the trial court sentenced Greco to three years imprisonment for intimidation with a concurrent term of one year imprisonment for resisting law enforcement. Greco received two years of imprisonment for escape, with the sentence to run consecutive to the other charges. The trial court denied Greco credit for time spent on pre-trial home detention.

Greco now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Greco contends that the trial court abused its discretion by not awarding him credit for the time he spent on pre-trial electronic monitoring. Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001), *reh'g denied*. However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. *Id.*

Under Indiana Code § 35-50-6-4 "[a] person who is not a credit restricted felon and who is imprisoned for a crime or confined awaiting trial or sentencing is initially assigned to Class I" for the purposes of assigning credit. In Class I, a person "earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." I.C. § 35-50-6-3. In *Roberts v. State*, 998 N.E.2d 743, 747 (Ind. Ct. App. 2013), we held that "because [t]here is no statute that addressed credit for time served while on pre-trial home detention, [] we will review the trial court's decision

3

for an abuse of discretion." *Id*. In so finding, we relied on *Purcell v. State*, 721 N.E.2d 220, 224 n.6 (Ind. 1999), wherein our supreme court explained that "a defendant is only entitled to credit toward a sentence for pre-trial time served in a prison, jail, or other facility which imposes substantially similar restrictions upon personal liberty."

Although both parties are in agreement that the credit time for pre-trial home detention is non-statutory and therefore the grant of the credit was within the trial court's discretion, the parties disagree on the trial court's awareness of its discretion. Specifically, Greco maintains that the trial court's denial is based on the court's misperception in that it "believed that it had no such discretion, that the issue of credit was subject only to the statutes." (Appellant's Br. p. 3).

During the sentencing hearing, the following colloqui took place:

[TRIAL COURT]: [] I didn't do his credit days.

[STATE]: He had 50 on the escape charge case and then 29 on the [i]ntimidation.

[TRIAL COURT]: Okay, 79? Seventy-nine days and 79 days, 158 days' credit.

[GRECO'S COUNSEL]: And Your Honor, with the - - there was 184 days that he was on ankle monitoring.

[TRIAL COURT]: He doesn't get credit for the ankle monitor.

[GRECO'S COUNSEL]: Okay. Okay. He was under confinement, though, Your Honor, during that time.

[TRIAL COURT]: I understand that. Talk to the legislature about that, []

[GRECO'S COUNSEL]: Okay. Alright.

4

(Transcript p. 48). Greco now points to the trial court's legislature remark to support its contention that the trial court denied the request for credit based upon its assumption that it had no authority or discretion whatsoever to award credit for that period of time. We disagree.

The trial court's remark merely reinforces that the trial court is aware of the distinction in sentencing between a sentence mandated by statute and one which is not, as in the instant case. Moreover, prior to this comment, the trial court had imposed Greco's sentence and reviewed his criminal history. During the trial court's recitation of Greco's history, it stated "His history, I don't know that I've ever seen any – any longer than this. The – he absolutely had held the key to his fate for the last 30 years[.]" (Tr. p. 46). As such, we conclude that the trial court was within its discretion to deny Greco credit for time spent on electronic monitoring. Although the trial court did not include its denial of pre-trial credit in the sentencing order, the court explicitly addressed it while pronouncing judgment during the sentencing hearing thereby satisfying the requirement that a denial be "report[ed] in the sentencing judgment." *Robinson v. State*, 805 N.E.2d 783, 789 (Ind. 2004).

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Greco's request for pre-trial credit time.

Affirmed.

MATHIAS, J. and CRONE, J. concur

5