## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2016, 8:27 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Karen Celestino-Horseman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Boggess,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 9, 2016

Court of Appeals Case No.
49A02-1506-CR-681

Appeal from the Marion Superior Court

The Honorable Lisa Borges

Trial Court Cause No.
49G04-1308-FB-57570

**Vaidik, Chief Judge.**

# Case Summary

James Boggess appeals the trial court's failure to award him credit for time served as well as good time credit for the ten months he served in pretrial home detention. Based on the facts and circumstances of this case, the trial court did not abuse its discretion in failing to award Boggess these credits.

# Facts and Procedural History

Boggess and William Bowser have known each other for fifty years and live a block and a half away from each other on the east side of Indianapolis. On August 1, 2013, the two men were drinking alcohol together when they began to argue about an incident that occurred between them almost twenty-five years ago. The two men became involved in a fist fight, and Bowser knocked down Boggess, who went home and contacted the police. After the police left, Boggess telephoned his son, Justin, and told the young man to come to Boggess' house. Justin and a friend arrived at Boggess' house armed with two baseball bats and a hammer, and the three men drove to Bowser's house. Bowser was in his bedroom when he heard screaming and the windows of his home being broken. He jumped out a window and ran towards a neighbor's house. Boggess, Justin, and Justin's friend ran after Bowser, caught him on the neighbor's porch, and struck Boggess approximately thirty times before running off. Bowers sustained several facial fractures and the vision in his eye was permanently impaired.

[3] On September 4, 2013, the State charged Boggess with aggravated battery as a class B felony. He was released on bond to electronic monitoring home detention on September 11, 2013. Boggess remained on home detention until his trial at the end of June 2014. According to Boggess, "[p]retrial home detention allowed [him] to continue working so he was able to pay the cost of his confinement and was also able to retain private counsel so no public defender was appointed to represent him until he was taken into custody and imprisoned." Appellant's Br. p. 5-6.[1] A jury convicted Boggess of the charged offense, and Boggess was taken into custody. The trial court sentenced him to twelve years, ten years executed and two years in community corrections. The trial court also suspended two years of the sentence to probation. The trial court awarded Boggess thirty-five days of credit time, which covered the periods from September 5 to September 11, 2013, when Boggess was released on bond, and June 24 to July 2, 2014, when Boggess was sentenced. The trial court did not award Boggess any credit time for his time spent on pretrial home detention. Boggess appeals the trial court's failure to award him both credit for pretrial time served and good time credit.

---

[1] Boggess cites "App. 132" as support for these facts; however, this page of his appendix contains no such facts.

# Discussion and Decision

[4]     At the outset, we note that there is a difference between credit for time served and good time credit. Specifically, credit for time served is the credit toward the sentence a prisoner receives for the time actually served. *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999). Good time credit is the additional credit a prisoner receives for good behavior and educational attainment. *Id.* Boggess believes that the trial court should have awarded him both types of credit.

[5]     Under Indiana Code section 35-50-6-4, "[a] person who is not a credit restricted felon and who is imprisoned for a crime or confined awaiting trial or sentencing is initially assigned to Class I" for the purposes of assigning credit. In Class I, a person "earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.

[6]     Because pre-sentence jail-time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying credit. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001). However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Hoglund v. State*, 962 N.E.2d 1230, 1237 (Ind. 2012). Because there is no statute that addresses credit for time served while on pretrial home detention, we will review the trial court's decision for an abuse of discretion. *Molden*, 750 N.E.2d at 449.

[7]     In *Purcell*, 721 N.E.2d at 220, 224 n.6, the Indiana Supreme Court, while acknowledging that the issue was not directly before it, concluded that a trial court was within its discretion to deny a defendant credit toward his sentence for pretrial time served on home detention. The Court explained that absent legislative direction, a defendant is only entitled to credit toward a sentence for pretrial time served in a prison, jail, or other facility that imposes substantially similar restrictions upon personal liberty. *Id.*; s*ee also Molden*, 750 N.E.2d at 451 (concluding that time spent in pretrial home detention is not equivalent to pretrial time served in a prison or jail and that pretrial home detainees are not entitled as a matter of law to receive credit for time served on home detention toward any eventual sentence).

[8]     Here, Boggess has not provided any evidence that the terms of his home detention imposed restrictions upon his personal liberty substantially similar to a prison. Rather, according to Boggess, the terms of his home detention allowed him to continue working. Appellant's Br. p. 5. Because the terms of Boggess' home detention did not impose substantial restrictions upon his personal liberty, the trial court did not abuse its discretion in failing to award him credit for time served on home detention.[2, 3]

---

[2] To the extent Boggess argues that the trial court abused its discretion in failing to award him good time credit, we note that it is not possible for the trial court to award good time credit where there is no credit awarded for time actually served. This is because there is no initial credit on which to base the additional credit. We find no abuse of the trial court's discretion.

[3] Boggess also asks us to "encourage the Indiana Supreme Court to reconsider its decision in *State of Indiana v. Purcell*, 721 N.E.2d 220, 224, n.6 (1993)." We are bound by the decisions of the Indiana Supreme Court

Affirmed.

Bailey, J., and Crone, J., concur.

---

until the law is either changed by that Court or by legislative enactment. *Dragon v. State*, 774 N.E.2d 103, 107 (Ind. Ct. App. 2002), *trans. granted, then grant of trans. vacated*.