Marques LEWIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0806–CR–319.

Court of Appeals of Indiana.

Jan. 14, 2009.

Rehearing Denied Feb. 16, 2009.

---

Joel Schumm, Appellate Clinic, Indiana University School of Law–Indianapolis, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Marques Lewis appeals the trial court's sentencing order, which did not award him credit time for pretrial[1] home detention.

We affirm.

### ISSUE

Whether Lewis is entitled to credit for time on pretrial home detention.

### FACTS

After his arrest with several other individuals, Lewis was charged with committing two class D felony offenses—criminal trespass and criminal gang activity—at Lawrence North High School on May 11, 2007. Initially, Lewis was incarcerated, but on July 30, 2007, the trial court found Lewis "an acceptable risk" for pretrial release and ordered him released on his own recognizance for placement by Community Corrections on home detention. (App.57). On August 2, 2007, Lewis was placed on home detention with two conditions—that

he stay away from the school and have no contact with his co-defendants.

On April 4, 2008, Lewis advised the trial court that he had entered into a plea agreement, tendered a copy thereof, and requested "a Guilty Plea and Sentencing Hearing." (App.107).[2] On April 30, 2008, the trial court held the hearing. Lewis affirmed that he intended to plead guilty to the charge of criminal trespass as a class D felony. The State asserted that pursuant to the plea agreement, Lewis' sentence would not exceed 730 days, but he would be ordered to comply with specific "conditions of probation" spelled out in the plea agreement. (Tr. 7).[3] The trial court confirmed that Lewis understood the terms of the agreement and the rights he was waiving by entering the guilty plea. The State asserted that it would present evidence that on May 11, 2007, at the end of the school day, Lewis and others drove "past a no trespass sign that was posted at the entrance of" the high school, a place where Lewis "was not a student," and began "yelling and issuing hand gestures . . . believed to be gang signs at other students" on the school property. (Tr. 21, 20). The trial court found that Lewis' plea was "freely and voluntarily made and that a factual basis exist[ed] to support the plea"; it accepted the plea and entered judgment of conviction. (Tr. 22). Counsel for Lewis renewed his request "to proceed to sentencing." *Id.*

Lewis confirmed that as a juvenile, he had a true finding for battery as an A

---

1. Although Lewis pleaded guilty, thereby eliminating the need for a trial, we refer to his pre-sentencing home detention as "pretrial" in order to be consistent with the relevant case law.

2. Lewis' motion noted that inasmuch as he would "be pleading guilty to a Class D felony, the Court may sentence him without considering a written presentence report (PSI)," citing

Ind.Code § 35–38–1–8(c), and that the State had "no objection" in that regard and would "be prepared for a Guilty Plea and Sentencing Hearing." (App.107).

3. The plea agreement further provided that the State would dismiss the criminal gang activity charge.

misdemeanor, for which he was placed on probation. He further admitted that on July 12, 2007, he had a true finding of attempted robbery, and thereafter completed the probation term imposed in that regard. Counsel for Lewis tendered, and the trial court admitted, his memorandum asserting that he should be given credit for the actual days he served on home detention, with an exhibit. The exhibit was an email inquiry to Community Corrections asking whether there was "any difference in the level of security and how pre-trial home detainees and post-conviction home detainees are monitored," and whether such detainees paid identical fees. (Ex. B). The "daily reporting coordinator['s]" response was that there was

> no difference in security, procedures, or rules between post trial and pre trial detention participants. The only differences that would incur [sic] would be based upon any additional conditions the Court may have ordered (i.e. additional testing, education or SAET conditions, etc.);

and that the fees were the same. *Id.* Counsel then argued that Lewis should be given 78 days credit for his initial incarceration, 78 days good-time credit therefor, and "275 actual days" credit for his time on home detention since August 2, 2007, for a total credit of 431 days. (Tr. 31). Counsel argued against "any sentence . . . above the presumptive," and that "any additional time the Court imposes beyond his

431 days should be suspended" and "on probation." (Tr. 33).

The trial court sentenced Lewis to 545 days, with 156 to be executed; it specified that Lewis had "78 actual days of credit, plus 78 days of good time credit for 156 days total, so it's time served." (Tr. 36). The trial court then suspended the remaining 389 days of the sentence, placed Lewis "on probation for 365 days," [4] and ordered him to comply with the numerous conditions specified in his plea agreement [5]— with the added probation "condition of full-time employment." *Id.* Addressing Lewis' argument for home detention credit time, the trial court stated as follows:

> The 275 days that he was on home detention was home detention that was served at the same time that he was on probation for the Armed Robbery. In my mind, the reason for the probation, or the home detention, or the—the home detention—I'm sorry—was two-fold, one to make sure that the community was safe from any future potential allegations such as these, and additionally, just to ensure that I knew where he was and that he would be back to court.

(Tr. 37).

On May 22, 2008, Lewis filed a motion to correct erroneous sentence, arguing that the trial court "erroneously denied" him "credit for 275 actual days he served on home detention as a condition of pretrial release." (App.171). On June 6, 2008, the trial court denied Lewis' motion.

---

4. We note that the 545–day sentence is the presumptive, *see* I.C. 35–50–2–7, and thus, not "above the presumptive," and that the trial court ordered no "additional time" beyond the 156 days it credited as executed time but rather "suspend[ed]" the balance of 389 days and ordered that 365 days of it be served "on probation." (Tr. 33). Arguably, the trial court effectively granted Lewis' sentencing request.

5. The conditions were that Lewis "stay away from a one mile radius of" 16 listed Lawrence Township schools; "have no contact with" 42 listed individuals; be "subject to weekly and/or random urinalysis"; have no contact with firearms; not possess or be in the presence of a series of specified references to "code" and "red"; not display gang signs associated with Code Red; and not interact with 95 listed websites or "any social networking website." (App.117, 118).

## DECISION

■ When a statute provides for jail time credit, the trial court does not "have discretion in awarding or denying such credit." *Molden v. State,* 750 N.E.2d 448, 449 (Ind.Ct.App.2001) (citing *Weaver v. State,* 725 N.E.2d 945, 947 (Ind.Ct.App. 2000)). "However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion." *Id.* (citing *Jones v. State,* 698 N.E.2d 289, 291 (Ind.1998)). When a defendant "had not yet been convicted and was serving a stint of pretrial home detention," no statute mandates an award of "credit for time served against his eventual sentence." *Id.* at 450 (citing *Purcell v. State,* 721 N.E.2d 220, 223, 224 n. 6 (Ind. 1999)), 451 ("There is no statute that addresses credit for time served while on pretrial home detention."). Hence, whether to award credit for such time is a matter of trial court discretion. *Id.* at 451.

■ Lewis reminds us that the Equal Protection Clause "guarantees that similar individuals will be dealt with in a similar manner by the government." *Id.* (citing *Phelps v. Sybinsky,* 736 N.E.2d 809, 818 (Ind.Ct.App.2000), *trans. denied* ). Lewis argues that distinguishing between his pretrial detention and post-sentence home detention "treats similarly situated defendants differently in violation of the Equal Protection Clause." Lewis' Br. at 6. We cannot agree.

Unlike the post-sentence home detainee, who *has been convicted* of a crime, Lewis had not been convicted of a crime at the time of his pretrial home detention. Lewis remained clothed with the precious presumption of innocence. Further, when Lewis was released on his own recognizance and placed in home detention, he accepted the conditions that he now asserts to be the same as those generally applying to post-sentence home detainees. However, he chose conditional liberty rather than to remain in jail—in which case he would have earned more credit time. Moreover, if Lewis had violated the conditions of his pretrial home detention, he would have risked being returned to jail to await trial while still presumed to be innocent; whereas, a post-sentence home detainee who violates conditions of home detention risks being sent to prison. Thus, we find no Equal Protection violation because the facts here do not establish that Lewis and a post-sentencing home detainee are "similarly situated." *Id.*

■ Lewis next argues that the "incongruous treatment" of a pretrial home detainee, such as himself, and post-sentencing home detainees "violates the Equal Privileges and Immunities Clause" of the Indiana Constitution. Lewis' Br. at 7. Again, we cannot agree.

In *Senn v. State,* 766 N.E.2d 1190 (Ind. Ct.App.2002), we considered the argument that it violated the Privileges and Immunities Clause "to treat those on home detention as a condition of pretrial release differently than as a condition of the executed sentence or probation." *Id.* at 1201. We cited the Clause itself: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Ind. Const. Art. 1, § 23. We then noted the two-part test that required (1) the disparate treatment be "reasonably related to inherent characteristics which distinguish the unequally treated classes," and (2) the "preferential treatment" be "uniformly applicable and equally available to all persons similarly situated." *Id.* at 1202 (citing *Collins v. Day,* 644 N.E.2d 72, 80 (Ind.1994)). We further noted that it was Senn's burden to "negative," or disprove, "every reasonable basis for the classifica-

tion." *Id.* Finding that Senn had "not established that pretrial and/or presentence matters are the same as matters relating to defendants who are already convicted and sentenced," *i.e.*, that "home detention as a condition of pretrial release is 'upon the same terms' as home detention as a condition of probation," we found that the trial court did not err when it did not "credit Senn's sentence for time served on home detention as a condition of pretrial release." *Id.* (quoting Ind. Const. Art. 1, § 23).

Lewis contends that unlike Senn, his "uncontroverted evidence" from Community Corrections establishes that pretrial and post-sentence home detention "are equivalent and upon the same terms." Lewis' Br. at 8. It may be true, as the Community Corrections email indicates, that the security procedures are the same, but as discussed above, the potential consequences for Lewis are much more serious for a post-conviction violation than a pretrial violation. Further, the Community Corrections email expressly notes that the trial court may impose "additional conditions" of home detention. (Ex. B). Here, the trial court initially imposed only two limited conditions for Lewis' pretrial home detention. These conditions properly addressed the goals of protecting society and ensuring Lewis' availability for trial, without infringing upon his presumption of innocence. However, for Lewis' post-conviction period, as terms of probation, the trial court imposed multiple and more stringent restrictions directly related to the offense of which Lewis was convicted. As in *Senn*, we cannot find that home detention as a condition of pretrial release is "upon the same terms" as home detention as a condition of probation. Ind. Const. Art. 1, § 23.

■ Lewis also argues that we should revise his sentence pursuant to Indiana Appellate Rule 7(B) because it is "inappropriate in light of the nature of the offense and the character of the offender." However, his argument in this regard renews the premises of the previous arguments and adds a plea for "standards" such that "similar sentences" be imposed "on defendants who commit similar crimes." Lewis' Br. at 10. To prevail on a claim of an inappropriate sentence under Appellate Rule 7(B), Lewis must persuade us that his "sentence has met th[e] inappropriateness standard of review." *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.2007), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind.2007). Lewis was sentenced to the presumptive term. The presumptive sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *McKinney v. State*, 873 N.E.2d 630, 645–46 (Ind.Ct.App.2007) (citing *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind.2006)), trans. denied. Therefore, when the trial court imposes the presumptive sentence, the defendant bears a heavy burden in persuading us that his sentence is inappropriate. *Id.* Despite his young age, Lewis had a history of juvenile adjudications. Further, the instant offense was not a simple criminal trespass but a trespass on school property accompanied by yelling and hand gestures of a gang-related nature to numerous students at the school. Lewis has failed to meet his burden, and we do not find that Lewis' sentence was inappropriate to his character and the nature of the offense.

■ Finally, Lewis argues that we should find the trial court's action here erroneous because allowing trial courts to award credit time for pretrial home detention "on a discretionary basis is fundamentally unfair." Lewis' Br. at 10. He asserts that such fundamental fairness is required by Article 1, Section 12, of the

Indiana Constitution, which states as follows:

> All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase, completely, and without denial; speedily, and without delay.

However, Lewis fails to develop a cogent argument, or to cite authority, applying this Constitutional provision. We find no abuse of discretion in the trial court's de- termination that Lewis would not be awarded credit time for pretrial home detention.

Affirmed.

RILEY, J., and VAIDIK, J., concur.