# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**R. PATRICK MAGRATH**
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 29 2014, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

CORY L. MEADOWS,                    )
                                    )
    Appellant-Defendant,            )
                                    )
      vs.                         )    No. 39A01-1305-CR-215
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.             )

APPEAL FROM THE JEFFERSON SUPERIOR COURT
The Honorable Alison T. Frazier, Judge
Cause Nos. 39D01-1108-FC-675
39D01-0711-FD-1309
39D01-0709-FD-1059

**January 29, 2014**

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Cory L. Meadows appeals the trial court's denial of his request for credit time. Meadows presents the case in terms of whether electronic monitoring is restrictive enough to require a grant of credit time. Rather, the case is in terms of whether it is an abuse of discretion to deny credit to a person who fails to comply with conditions for participation in a drug court program under a deferral of conviction and sentence plea agreement. We affirm.

## FACTS AND PROCEDURAL HISTORY

In September 2007, Meadows was charged with Class D felony theft and Class A misdemeanor conversion. Soon after, in November 2007, Meadows was charged with another count of Class D felony theft. In December 2008, Meadows entered into a combined plea agreement pursuant to which he pleaded guilty to both counts of theft and was sentenced to an aggregate term of three years. He was given credit for his pretrial incarceration, the remainder of his sentence was suspended, and he was placed on probation for three years.

A notice of probation violation was filed against Meadows in March 2010 for a failed drug screen. Meadows admitted to the violation, and twenty-four days of his probation were revoked. He served the twenty-four days on weekends, and his probation was continued.

Later, in August 2011, Meadows was charged with two counts of Class C felony forgery. In addition, a second notice of probation violation was filed against him in September 2011 for failure to attend monthly probation appointments and pay monthly

2

probation user fees. In February 2012, Meadows entered into a combined plea agreement in which he pleaded guilty to both counts of forgery and admitted to violating his probation. Pursuant to the agreement, Meadows would be sentenced to an aggregate sentence of six years with no time suspended. The agreement further provided that the court would defer entry of judgments of conviction in order to allow Meadows to enter the county drug court program. The agreement stipulated that if Meadows successfully completed the drug court program, the State would dismiss the charges to which Meadows had pleaded guilty in the agreement as well as the notices of probation violation.

Meadows signed the agreement to enter the drug court program on February 7, 2012 and thereafter entered the program. In March 2013, the State filed a petition to terminate Meadows from the program. The petition alleged that Meadows had tested positive for Oxycodone, failed to report, failed to attend support meetings, failed to keep electronic monitoring equipment plugged in, failed to complete community service hours, tested positive for suboxone, tested positive for methamphetamine, was untruthful to the court about his job status, and failed to pay fees. At the hearing on the State's petition, Meadows did not contest the termination and admitted that he violated the terms of the drug court program; however, he argued that he should receive credit for time served while on electronic monitoring. The court denied his request for credit time and terminated his participation in the drug court program. The court then sentenced him according to his plea agreement. In this appeal, Meadows challenges the court's denial of his request for credit time.

## DISCUSSION AND DECISION

Meadows contends that he is entitled to receive credit for the time he served on electronic monitoring while he was in the drug court program. Pre-sentence jail time credit is a matter of statutory right, and for that reason trial courts generally do not have discretion in awarding or denying such credit. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001). However, sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. *Id.*

Necessary to our discussion is an understanding of Meadows' status while he was being electronically monitored. Meadows pleaded guilty to two counts of Class C felony forgery and admitted to violating his probation all pursuant to a plea agreement that allowed for a deferral of the proceedings. In Indiana, a trial court, without entering a judgment of conviction, may defer proceedings against an individual and place the individual in a problem solving court program if certain criteria are met, including that the individual pleads guilty and consents to the referral to the problem solving court program. *See* Ind. Code § 33-23-16-14 (2011). When an individual's participation in a problem solving court program under this statute has been terminated, the individual's case may be referred back to the trial court for entry of a judgment of conviction, or, if the individual fulfills the conditions established by the problem solving court, the charges may be dismissed. *See id.*

The terms of Meadows' plea agreement provided that the trial court would defer entry of judgments of conviction upon Meadows' plea and, with his consent, would place him in the county drug court program. Pursuant to the terms of his plea agreement, if he

4

successfully completed the drug court program, the charges to which he had pleaded guilty would be dismissed, and, accordingly, he would avoid the convictions and sentence that would have been imposed upon his plea of guilty. In addition, the petitions alleging violations of probation to which he had admitted would be dismissed, and the corresponding penal consequences would be avoided. In summary, Meadows was in a program to which he consented that had the potential to clear his record of these convictions and probation violations and permit him to avoid serving any sentences related thereto. With this in mind, we turn to our state's statutory framework.

Meadows cites Indiana Code section 35-38-2.5-5 (2001), which allows the trial court to order home detention as a condition of probation. This statute also provides that a person "confined on home detention as a condition of probation earns credit for time served." Ind. Code § 35-38-2.5-5(e). Meadows claims that his period of electronic monitoring in the drug court program is akin to home detention and that, based upon this statute, the court should have awarded him credit for the time he served on electronic monitoring.

Indiana Code section 35-38-2.5-5 is inapplicable to Meadows' time on electronic monitoring because he was not being monitored as a condition of his probation. In fact, Meadows was not on probation for this cause during the time he was being electronically monitored; rather, he was being monitored as part of his voluntary participation in a drug court program, which, if successful, would wipe clean his slate of charges in this cause. Thus, this statute does not apply here.

In further support of his alleged entitlement to credit time, Meadows cites Indiana Code section 35-38-2.6-6(a) (2010), which states that a person "who is placed in a community corrections program under this chapter is entitled to earn credit time." Meadows' reliance on this statute is also misplaced. Indiana Code chapter 35-38-2.6 applies to the *sentencing* of a *convicted* person. *See* Ind. Code § 35-38-2.6-1(a) (2006). In this case, when Meadows participated in a period of electronic monitoring, he was neither convicted nor sentenced. He was not placed in a community corrections program under Indiana Code chapter 35-38-2.6. Instead, he was participating in a deferral program in order to avoid convictions and corresponding sentences as well as the admissions and penal consequences of probation violations. As part of his deferral proceeding, he was being electronically monitored through the community corrections program, but he was placed there by virtue of Indiana Code section 33-23-16-14, the deferral proceedings statute. It is of no moment in this instance that his electronic monitoring was administered by a community corrections program. Thus, according to the terms of the statute itself, Indiana Code section 35-38-2.6-6(a) does not apply to Meadows.

Additionally, Meadows relies on *Peterink v. State*, 971 N.E.2d 735 (Ind. Ct. App. 2012), *aff'd in part, vacated in part by* 982 N.E.2d 1009 (Ind. 2013), in support of his argument. However, *Peterink* is inapposite to the present case because it dealt with credit for time spent on home detention as part of a period of probation. As we have stated, Meadows was neither on probation nor convicted or sentenced.

Moreover, Meadows was neither awaiting trial nor awaiting sentencing when he served time on electronic monitoring. For that reason, his claim that Indiana Code section

6

35-50-6-3 (2008), which sets out the amount of credit time allowed for persons "imprisoned for a crime or confined awaiting trial or sentencing," is applicable to entitle him to credit for the time he spent on electronic monitoring is incorrect. By virtue of his status as a participant in a deferral program, Meadows cannot be said to have been awaiting trial or sentencing for his charges during the time that he was in the drug court program. Rather, he was temporarily exempt during this time from the consequences of his charges. Therefore, his period of electronic monitoring was not fulfilling any penal consequences of his charges but was fulfilling the requirements of the drug court program, which, if finished successfully, would result in a complete dismissal of the charges and allegations of probation violations. Thus, this statute, as well, does not apply to the case at hand.

Finally, Meadows directs our attention to *Brown v. State*, 957 N.E.2d 666 (Ind. Ct. App. 2011), which involves the question of whether a defendant was entitled to credit for time spent in residential drug treatment as part of a pre-conviction diversion program. Although the panel in *Brown* noted that Indiana Code chapter 11-12-3.7, under which Brown was placed in the diversion program, does not refer to the application of credit time, it did not go on to address whether the court has the discretion to award or deny credit time in such a case. Rather, the Court's analysis focused on the restrictiveness of Brown's drug treatment program. In doing so, the Court did not distinguish between time served as pre-trial and time served in a diversion (or deferral) program. Thus, to the extent that *Brown* could be read to refute that the award or denial of credit time is within the trial court's discretion in the instant case, we disagree.

Here, Meadows was placed into a deferral program under Indiana Code section 33-23-16-14. Indiana Code chapter 33-23-16 does not provide for the application of credit time. Therefore, with no mandate in place with regard to the grant or denial of credit time in this instance, the trial court is free to exercise its discretion. *See Molden*, 750 N.E.2d at 449. Here, Meadows voluntarily agreed to participate in the drug court program. Failure to successfully complete the program would result in conviction and sentence, but successful completion of the program would result in complete dismissal of all charges and pending probation violations. Drug court deferral programs provide an opportunity for those qualified to avoid conviction and sentence, but only if they comply with the conditions of the program. The policies related to facilitating the presence at trial of a person charged (i.e., confinement awaiting trial or sentencing) or to applying appropriate punitive measures after conviction (i.e., imprisoned for a crime) do not apply to drug court deferral. To allow credit time to a person who fails to comply with deferral conditions diminishes the value of such programs in that the incentive to comply is undermined by the reward for failure.

## CONCLUSION

In sum, after careful evaluation of the statutory provisions governing sentencing, electronic monitoring, and deferral programs and after considering the objectives of the deferral programs, we conclude that it was within the trial court's discretion to deny Meadows credit toward his sentence for time he spent on electronic monitoring while participating in a deferral program.

Affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.