**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**R. PATRICK MAGRATH**
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN R. PERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 39A01-1312-CR-517 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JEFFERSON SUPERIOR COURT
The Honorable Alison T. Frazier, Judge
Cause No. 39D01-1203-FD-332,
39D01-1306-FD-509

**July 22, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Steven R. Perry appeals the trial court's denial of his motion for credit time for time spent on electronic monitoring as a drug court program participant. Perry frames the issue as whether Indiana jurisprudence should be modified to adopt a single analysis for awarding credit time for periods of electronic monitoring served regardless of the pretrial or post-conviction status of the defendant. This, rather, is a case of whether the trial court abused its discretion in denying credit time to a person who failed to comply with conditions for participating in a drug court program. Concluding the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

On March 19, 2012, Perry was charged with residential entry, a Class D felony, and public intoxication, a Class B misdemeanor. In September 2012, Perry entered into a plea agreement where Perry agreed to plead guilty to both charges. Pursuant to the plea agreement, the court would defer judgment of conviction and sentencing if Perry successfully completed a drug court program. The same day, Perry executed a drug court participation agreement. Over the course of a year, Perry was sanctioned by the drug court three times for violating his participation agreement.[1]

Then, on June 3, 2013, Perry was charged with intimidation, a Class D felony, and resisting law enforcement, a Class A misdemeanor. In September 2013, Perry pleaded guilty to one count of intimidation with a two year sentence, to be fully executed. Perry also

---

[1] His three sanctions were ten hours of community service, writing a one-page paper as to why therapy was important to recovery, and five hours of community service.

admitted to violating the terms of the drug court program and agreed to terminate his participation. As a result of the termination, the court entered a judgment of conviction for residential entry and public intoxication pursuant to the September 2012 plea agreement. The court sentenced Perry to two years for residential entry and 180 days for public intoxication to be served concurrently. Perry requested 127 days of credit time applied to his residential entry and public intoxication sentence for the time he was on electronic monitoring as a condition of the drug court program. The trial court denied this request. Perry filed a motion to correct error based on the denial of the credit time; this motion was denied. Perry now appeals.

## Discussion and Decision

"Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit." Molden v. State, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001). "However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion." Id. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." Anglemyer v. State, 868 N.E.2d 482, 490, (Ind. 2007), clarified on rehg, 875 N.E.2d 218 (citation omitted). Indiana Code chapter 33-23-16, concerning problem solving courts, is silent as to whether a drug court participant is entitled to credit time for time spent on electronic monitoring.

Perry argues that once he entered the program, he had only two options: complete the program or go to jail. Perry contends his participation in drug court, from the standpoint of

3

electronic monitoring, is no different than if he had been sentenced directly to a community corrections program; his failure to successfully complete either the drug court program or a community corrections program would be the same: a term of imprisonment.

A panel of this court found a similar argument persuasive in House v. State, 901 N.E.2d 598 (Ind. Ct. App. 2009). In 2007, House was a drug court participant in Madison County. He was imprisoned and put on work release for various violations of the drug court agreement. Once his participation in the program was terminated for violating rules, he argued for credit time under Indiana Code section 35-50-6-3(a). This court held that "[g]iven the requirements of drug court and the punishment imposed for violating those requirements, we find participating in a drug court analogous to being on probation for purposes of receiving credit time under Indiana Code section 35-50-6-3." Id. at 601.

In 2010, after House was decided, our legislature revised the code provisions relating to problem solving courts. Instead of drug courts being organized under Title 12 relating to human services and addiction services, now all problem solving courts, including drug courts, are established and structured by the provisions in Indiana Code chapter 33-23-16 entitled "Problem Solving Courts."

After the change in the statute, a different panel of this court decided Meadows v. State, 2 N.E.3d 788 (Ind. Ct. App. 2014). Meadows challenged the trial court's denial of his request for credit time for time he spent on electronic monitoring as part of a drug court program. Meadows admitted to violating the conditions of his drug court agreement, but argued the time he spent on electronic monitoring should count against his imposed sentence. This court reasoned that statutes governing electronic monitoring as a condition of probation

4

were inapplicable to a person who voluntarily participated in a drug court program. Id. at 792. Further, credit time statutes that apply to persons convicted or sentenced were inapplicable since Meadows was neither convicted of a crime nor sentenced at the time he participated in electronic monitoring. Id. Ultimately, this court decided it was within the trial court's discretion to award or deny credit time spent on electronic monitoring while participating in a deferral program. Id. at 794.

We find the reasoning in Meadows persuasive.[2] A participant in drug court is not awaiting trial or awaiting sentencing under Indiana Code section 35-50-6-3. Though Perry expresses concern this court is creating a new, third category of offenders that is not contemplated by the credit time statute, we disagree. It is well-established that there are others who fall outside the purview of the credit time statute: a person on pretrial home detention or electronic monitoring.[3] This category of alleged offenders is not included in the credit time statute, and the distinction has been found permissible, even in the face of constitutional challenges. See Purcell v. State, 721 N.E.2d 220, 223 n.5 (Ind. 1999) (noting that a trial court is within its discretion to deny a defendant credit toward sentence for pretrial

---

[2] We note another important distinction between House and Meadows: House was actually imprisoned and placed in a work release program as sanctions for violating his drug court agreement, while Meadows argued for credit time for time spent on electronic monitoring that simply was a condition of the program.

[3] Perry urges us to hold that "a person placed on home detention / electronic monitoring as a condition of pretrial release should receive credit time for the time they spent awaiting trial because home detention is incarceration and incarceration entails credit time." Amended Appellant's Brief at 8. The conclusion that home detention is incarceration and incarceration entails credit time stems from Perry's reading of Peterink v. State, 971 N.E.2d 735, 737 (Ind. Ct. App. 2012) opinion aff'd in part, vacated in part, 982 N.E.2d 1009 (Ind. 2013). In Peterink, an ambiguity existed as to whether Indiana Code section 35-38-2.5-5, when read in conjunction with Indiana Code section 35-50-6-6, permits a person confined on home detention as a condition of probation to earn good time credit. "Good time credit" is not the same as "credit time" for which Perry argues. There are two different "time credits" that a defendant may earn: "(1) the credit toward the sentence a prisoner receives for time actually served, and (2) the additional credit a prisoner receives for good behavior and educational attainment. . . . [W]e refer to the former as 'credit for time served' and the latter as 'good time credit.'" Purcell v. State, 721 N.E.2d 220, 222. Nothing in Peterink leads us to overturn the rule that a person placed on

5

time served on home detention); Lewis v. State, 898 N.E.2d 1286, 1290-91 (Ind. Ct. App. 2009) (holding that distinguishing between a person on pretrial detention and post-sentence home detention does not violate the Equal Protection Clause of the United States Constitution or the Equal Privileges and Immunities Clause of the Indiana Constitution), trans. denied; Molden, 750 N.E.2d at 450-51 (holding the trial court acted within its discretion when it denied the defendant sentence credit for time spent in pretrial home detention). We also disagree with the contention that it is against our statutory scheme for a defendant not to have received a sentence and simultaneously not be awaiting sentencing. Indeed, this is the exact function of the deferral statute in problem solving courts: to avoid entry of judgment (and subsequent sentencing) contingent on successful completion of the drug court program. Ind. Code § 33-23-16-14.

Perry does acknowledge the difference between successful completion of a drug court program and a community corrections program. After successfully completing the drug court program, the charges against Perry would be dropped and he would have no conviction on his record from the related charges. Ind. Code § 33-23-16-14(c). After successfully completing a community corrections program sentence following a conviction, the conviction against Perry would remain on his record. A participant "receives considerable benefits, in return for which he give[s] up a plethora of substantive claims and procedural rights." House, 901 N.E.2d at 600 (citations omitted) (internal quotation marks omitted). There are many positive results for a defendant who successfully completes a drug court program, but

home detention as a condition of pretrial release (and by extension, a drug court participant) does not earn credit time as of right.

6

there are also negative consequences for failing. Not receiving credit time for time spent on electronic monitoring while participating in a drug court program is potentially one of those negative consequences.

Here, Perry violated the conditions of his drug court agreement three times, and was sanctioned three times, before the fourth violation of committing another criminal offense. It was after Perry pleaded guilty to another criminal offense that he was finally terminated from the drug court program. The trial court gave Perry multiple chances before finally terminating him from the program, and did not abuse its discretion in denying the request for credit time.

## Conclusion

Concluding the trial court did not abuse its discretion in denying Perry's request for credit time for time spent on electronic monitoring as a drug court participant, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.

7