## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 05 2017, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anna M. Mincoff, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 5, 2017 <br><br> Court of Appeals Case No. 02A05-1701-CR-43 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D04-1607-F6-781 |

**Mathias, Judge.**

[1]     Anna M. Mincoff ("Mincoff") pleaded guilty without a plea agreement in Allen Superior Court to two Level 6 drug felonies and one Class A drug

misdemeanor. Mincoff was sentenced to a term of one and one-half years executed in the Department of Correction. She now appeals that sentence as inappropriate.

We affirm.

## Facts and Procedural Posture

Mincoff is a German immigrant with six dependent children, a mild criminal history, and a long-standing dependence on illegal drugs. On July 7, 2016, in Fort Wayne, Indiana, Mincoff was found unconscious in a bathroom surrounded by a packet of solid heroin, a syringe of liquid heroin, and a packet of "spice," synthetic marijuana. Mincoff was arrested. On July 13, 2016, the State charged Mincoff by information filed in Allen Superior Court with Level 6 felony possession of heroin, Level 6 felony possession of a syringe, and Class A misdemeanor possession of a synthetic drug.

On August 29, 2016, Mincoff pleaded guilty without benefit of a plea agreement to all three charges. However, Mincoff and the State had agreed that she should be allowed to participate in Allen County's "drug court" program, a deferred-adjudication program for drug abusers. *See* Ind. Code § 33-23-16-5 (defining "drug court"); *Meadows v. State*, 2 N.E.3d 788, 791–92 (Ind. Ct. App. 2014) (explaining operation). Mincoff was required to participate in transitional living, outpatient treatment and therapy, and other services; to appear in court when ordered; and to refrain from drug use and other criminal behavior. On

successful completion of the program, the charges against her would be dismissed.

[5] Mincoff did not complete the program successfully. On September 16, 2016, she absconded from or was kicked out of her transitional-living placement. She was arrested and released to a different placement. On October 7, 2016, she absconded from or was kicked out of the second placement. She failed to appear for a case management appointment on the same day and for a court hearing on October 11, 2016. On November 3, 2016, she was arrested on a bench warrant and charged with resisting law enforcement as a result. The State petitioned to terminate Mincoff's drug court participation on November 14, 2016. The court granted the petition the same day after Mincoff admitted violating the terms of her participation agreement in open court.

[6] On December 13, 2016, Mincoff appeared for sentencing. In mitigation, the court weighed Mincoff's guilty plea, her acceptance of responsibility, and the genuine remorse she showed for her failure to take advantage of the opportunities given to her. In aggravation, the court weighed Mincoff's criminal history, including four misdemeanor convictions as an adult and one juvenile delinquency adjudication, and her history of failed rehabilitation efforts, including two probation revocations and the instant revocation of drug court participation. The court sentenced Mincoff to concurrent sentences of one and one-half years on the two Level 6 felonies, six months above the one-year advisory sentence, I.C. § 35-50-2-7(b), and of one year on the Class A

misdemeanor, the statutory maximum, *id.* § 3-2, all fully executed in the Department of Correction.

[7] Mincoff now appeals, claiming her sentence is inappropriate. Mincoff argues an executed sentence is inappropriate because she is not "a danger to society," Appellant's Br. at 19, and because now, for the first time in her life, she earnestly desires to rehabilitate herself. She asks us to suspend her executed sentence and to order further drug treatment. The State responds that Mincoff's recidivism "demonstrates a lack of character and disregard for the rule of law[.]" Appellee's Br. at 10.

## Discussion and Decision

[8] We have the authority, granted by our constitution and implemented by the Appellate Rules, to review and revise a lawfully imposed sentence "if, after due consideration of the trial court's decision, [we] find that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B) (implementing Ind. Const. Art. 7, § 6). The primary purpose of such review is to "leaven the outliers," that is, to promote consistency and uniformity in sentencing by restraining extraordinarily harsh or lenient sentences. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We examine the full range of penal consequences, *id.*, including placement, *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007), in light of the offender's culpability, the severity of the crime, the harm done to others, and any other relevant facts of the individual case. *Cardwell*, 895 N.E.2d at 1224.

[9] Mincoff bears the heavy burden of persuading us she has been inappropriately sentenced. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Due consideration of the trial court's decision demands "considerable deference" on our part, *Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015), to the trial court's "special expertise" in the fact-intensive sentencing process. *Scott v. State*, 840 N.E.2d 376, 381 (Ind. Ct. App. 2006), *trans. denied*. Such deference prevails "unless overcome by compelling evidence portraying [the offense and the offender] in a positive light." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[10] Mincoff has not carried her burden here. Neither Mincoff nor the State devote much attention to the nature of her offenses; Mincoff notes only that her commission of them happened in the "typical" way. Appellant's Br. at 16. The trial court must have agreed, to the extent it imposed a fairly "typical" sentence.

[11] As to Mincoff's character, her arguments largely amount to a request that we reweigh the aggravators and mitigators found by the trial court in an effort to fashion a more appropriate sentence. This we will not do. The question "is not whether another sentence is *more* appropriate, [but] whether the sentence imposed is inappropriate." *King*, 894 N.E.2d at 268 (original emphasis). The trial court concluded that two probation revocations and one drug-court participation revocation sufficiently demonstrated the futility of suspending Mincoff's sentence in this case, and Mincoff has not presented compelling evidence to the contrary.

Mincoff's better arguments are that she is not, and has never shown herself to be, a dangerous or violent person; and that, upon her unsupervised release from incarceration, she will be without resources to seek treatment and further rehabilitation. We might find the first argument persuasive if there were a presumption against incarceration for nonviolent offenders, but there is not. The second argument reflects an inevitable consequence of our public health policy but is not a basis for revising Mincoff's sentence. We note that treatment or counseling is likely to be available to Mincoff in prison.

## Conclusion

Mincoff's executed sentence was not inappropriate in light of the nature of her offense or her character. The judgment of the trial court is therefore affirmed.

Affirmed.

Kirsch, J., and Altice, J., concur.