# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 20 2017, 9:22 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT
Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Corbin Callis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 20, 2017<br><br>Court of Appeals Case No.<br>34A02-1706-CR-01450<br><br>Appeal from the Howard Superior Court<br><br>The Honorable William C. Menges, Judge<br><br>Trial Court Cause No.<br>34D01-1308-FB-00635 |

**May, Judge.**

[1] Corbin Callis appeals the number of days the trial court ordered him to serve after it revoked his probation. Callis argues the court abused its discretion by not considering mitigating circumstances and by denying credit for time spent in a drug court program. We affirm.

# Facts and Procedural History

[2] On April 30, 2014, Callis pled guilty to Class B felony dealing in a schedule I controlled substance[1] and was referred to the Howard County Drug Court Program. Callis violated the terms of that program by absconding and was terminated from it. On July 1, 2015, the court entered Callis' conviction of Class B felony dealing and sentenced Callis to 7,300 days executed.

[3] On April 29, 2016, Callis filed for a sentence modification after completing a therapeutic community program while incarcerated. The court granted Callis' motion, suspended the rest of his executed sentence to probation, and released him into a re-entry program. Callis entered the re-entry program on June 29, 2016.

[4] On April 27, 2017, the State filed a petition to revoke Callis' suspended sentence. At the hearing, Callis admitted he is an addict and he violated his probation by relapsing. The court found Callis violated the terms of the re-entry program on October 26, 2016, and March 6, 2017. Callis argued incarceration

---

[1] Ind. Code § 35-48-4-2.

would not be the best option because the Department of Correction would not help Callis' substance abuse issues. The trial court explained Callis had exhausted all other available options. The trial court found Callis violated the terms of his probation, revoked his probation, reinstated the suspended sentence of 5,574 days executed, and gave Callis credit for 82 days served on probation.

# Discussion and Decision

## *Mitigating Circumstances*

[5] Callis argues the trial court abused its discretion by failing to recognize any mitigating circumstances.[2] As this Court has explained:

> The ability to serve a sentence on probation has been described as a "matter of grace" and a "conditional liberty that is a favor, not a right." A probationer faced with a petition to revoke his probation is therefore not entitled to the full panoply of rights he enjoyed prior to the conviction.

*Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005) (internal citation omitted). Trial courts are not required to consider mitigating factors when imposing sanctions for probation revocation. *Treece v. State*, 10 N.E.3d 52, 59

---

[2] Callis did not present any mitigating circumstances at the hearing when the trial court was considering what sanction to impose for his probation violations. We cannot find an abuse of discretion in a trial court's failure to find mitigators when none were offered. *Anglemyer v. State*, 868 N.E.2d 482, 492 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218, 220 (Ind. 2007) ("this general proposition has at least one important exception, namely: pleas of guilty"). Waiver notwithstanding, we briefly address the merits of Callis' legal argument. *See, e.g.*, *Omni Ins. Grp. v. Poage*, 966 N.E.2d 750, 753 (Ind. Ct. App. 2012) (addressing waived arguments because appellate court prefers to address issues on the merits when possible), *reh'g denied*.

(Ind. Ct. App. 2014). Therefore, the court's failure to recognize mitigating factors was not an abuse of its discretion. *See Mitchell v. State,* 619 N.E.2d 961, 964 (Ind. Ct. App. 1993) (holding trial court did not err by declining to consider mitigating circumstances before imposing sanction because Indiana Code section 35-38-2-3 does not require a trial court to consider aggravating and mitigating factors when revoking probation), *holding narrowed by Patterson v. State*, 659 N.E.2d 220, 222 n.2 (Ind. Ct. App. 1995) (trial courts should consider a probationer's mental state when deciding sanction for probation revocation).

### Credit for Drug Court Time

[6] Callis next argues the trial court abused its discretion when it did not give him credit for the days he spent in the drug court program.[3] "Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit." *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001), *reh'g denied*.

[7] Here, however, Callis was not in "jail" prior to sentencing. He was in a drug court deferral program that, had he successfully completed it, would have resulted in the charges against him being dropped. *See* Ind. Code § 33-23-16-14 (defining and explaining problem solving court programs). "Drug court deferral

---

[3] We note Callis was removed from the drug court program in 2015 before he was convicted and sentenced to the time he is now serving. If Callis believed he should have earned credit for the days he spent in the drug court program, he should have raised the issue at his sentencing hearing in 2015 and then on direct appeal from that sentencing. Despite the fact that Callis' failure to timely raise this issue results in it being waived at this late date, we address the merits of his argument. *See Omni Ins. Grp. v. Poage*, 966 N.E.2d 750, 753 (Ind. Ct. App. 2012)*, reh'g denied*.

programs provide an opportunity for those qualified to avoid conviction and sentence, but only if they comply with the conditions of the program." *Meadows v. State*, 2 N.E.3d 788, 793 (Ind. Ct. App. 2014).

[8] Callis argues we should overturn our decision in *Perry v. State*, 13 N.E.3d 909 (Ind. Ct. App. 2014), in which we held that the court did not abuse its discretion in denying Perry's request for credit for the time he spent on electronic monitoring while participating in a drug court program before being sentenced. *Id.* at 913. Callis believes *Perry* allows the State to have too much control over a citizen's life and unless we reverse it, the drug court programs will die out.[4] (Appellant's Br. at 9). We disagree.

[9] The *Perry* decision relied on *Meadows*, in which we explained the policies regarding a person who has been sentenced or is awaiting trial do not apply to persons placed in drug court deferral programs. *Meadows*, 2 N.E.3d at 793. As such, just as in *Perry*, Callis' trial court was not required to give Callis credit for the time spent in the drug court program prior to sentencing. *See Perry*, 13 N.E.3d at 913 (declining to give credit for time spent in drug court program). As mentioned in *Meadows,* if we were to award offenders credit for time spent in diversion programs prior to sentencing, it would diminish the reward for

---

[4] Callis expressed concern that drug court programs will die out if we do not reverse *Perry*. However, successful completion of the program keeps the offender from being convicted and sentenced. *Meadows v. State*, 2 N.E.3d 788, 793 (Ind. Ct. App. 2014). We do not believe all defendants, when presented with the option to either participate in a diversion program or continue proceeding toward conviction and incarceration, will choose the latter.

completing the program and ultimately be rewarding offenders for their failure. *Meadows*, 2 N.E.3d at 79*3.*

# Conclusion

When imposing sanctions for probation violation, the trial court was not required to consider mitigating circumstances or give credit for time spent in a pretrial diversion program. Accordingly, we affirm.

Affirmed.

Barnes, J., and Bradford, J., concur.